[No. A063222. First Dist., Div. Five. Sept. 19, 1994.]

RALPH ARMENIO, Plaintiff and Appellant, v.
COUNTY OF SAN MATEO, Defendant and Respondent.

## COUNSEL

Quadros & Johnson, Leslie A. Eberhardt and Benjamin A. Johnson for Plaintiff and Appellant.

Thomas F. Casey III, County Counsel, and Brenda B. Carlson, Deputy County Counsel, for Defendant and Respondent.

## OPINION

HANING, J.—Plaintiff and appellant Ralph Armenio appeals a summary judgment in favor of defendant and respondent County of San Mateo in his action for personal injuries. He contends the trial court erroneously concluded respondent was immune from liability by virtue of Government Code section 831.4,[1] and that triable issues of fact exist concerning the purpose of the trail on which his injuries occurred. We affirm.

### FACTS AND PROCEDURAL HISTORY

Appellant was injured while riding his bicycle along Sawyer Camp Trail, which is described in the park and recreation resources section of respondent's general plan as a "scenic linear park located in the San Francisco Watershed . . . . This is a 6.2 mile surfaced trail with rest areas for bicyclists, hikers, joggers, and equestrians." The "San Mateo County Trails Plan[,]" adopted in a revised edition by respondent's board of supervisors in March 1990, two years before appellant's injuries, identifies Sawyer Camp Trail as an "Existing Established Trail[.]" The entire area in which the trail is located and access thereto is enclosed by a fence, and the trail does not provide access to unimproved areas. It is inspected daily by respondent for hazards and dangerous conditions. According to appellant's complaint, he fell as a result of a dangerous condition created by improper patching of the trail.

Respondent moved for summary judgment on the grounds of immunity under section 831.4, which states: "A public entity, public employee, or a grantor of a public easement to a public entity for any of the following purposes, is not liable for an injury caused by a condition of: [¶] (a) Any

---

[1]Unless otherwise indicated, all further statutory references are to the Government Code.

unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas . . . . [¶] (b) Any trail used for the above purposes. [¶] (c) Any paved trail, walkway, path, or sidewalk on an easement of way which has been granted to a public entity, which easement provides access to any unimproved property, so long as such public entity shall reasonably attempt to provide adequate warnings of the existence of any condition of the paved trail, walkway, path, or sidewalk which constitutes a hazard to health or safety. Warnings required by this subdivision shall only be required where pathways are paved, and such requirement shall not be construed to be a standard of care for any unpaved pathways or roads."

Summary judgment was granted on the basis of section 831.4 immunity and *Giannuzzi* v. *State of California* (1993) 17 Cal.App.4th 462 [21 Cal.Rptr.2d 335].

## DISCUSSION

 Appellant's principal contention is that the immunity granted by section 831.4 does not apply to the kind of trail on which his injuries occurred.

 The primary rule of statutory construction is to ascertain the Legislature's intent in order to effectuate the statute's purpose. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) When the Legislature has stated the purpose of its enactment in unmistakable terms, a court must apply the enactment in accordance with the legislative direction, without speculating as to legislative purpose. (*Milligan* v. *City of Laguna Beach* (1983) 34 Cal.3d 829, 831 [196 Cal.Rptr. 38, 670 P.2d 1121.)

 Section 831.4 is part of the Government Tort Claims Act of 1963 (§§ 810-996.6; the Act) which established both government liability and immunity for tortious acts. In connection with the enactment of the Act, the relevant legislative committees adopted comments explaining the purpose and effect of the provisions to be enacted. (*Milligan* v. *City of Laguna Beach, supra*, 34 Cal.3d at p. 831.) The comment to section 831.2, providing immunity for an injury caused by a natural condition of any unimproved public property, states: "[U]nder this section and Section 831.4, [a public entity] has an absolute immunity from liability for injuries resulting from natural conditions of a [public] park area where the only improvements are recreational access roads (as defined in Section 831.4) and hiking, riding, fishing and hunting trails. [¶] . . . It is desirable to permit the members of

the public to use public property in its natural condition and to provide trails for hikers and riders and roads for campers into the primitive regions of the State." (See legis. committee com., 32 West's Ann. Gov. Code (1980 ed.) § 831.2, p. 293.)

■ The plainly stated purpose of immunity for recreational activities on public land is to encourage public entities to open their property for public recreational use, because "the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use." (Legis. committee com. 32 West's Ann. Gov. Code, *op. cit. supra*, § 831.2, p. 293; see also *Milligan* v. *City of Laguna Beach, supra*, 34 Cal.3d at p. 833; *Delta Farms Reclamation Dist.* v. *Superior Court* (1983) 33 Cal.3d 699, 708 [190 Cal.Rptr. 494, 660 P.2d 1168].)

■ Appellant contends the Legislature intended section 831.4 immunity to apply only to roads or trails providing access to the recreational activities enumerated in subdivision (a), or to unimproved property, and not to trails on which the activity takes place. We agree with the conclusion reached in *Giannuzzi* v. *State of California, supra*, 17 Cal.App.4th at pages 466-467, that the statute is not so limited.

In *Giannuzzi* the plaintiff was injured while riding his motorcycle on a dirt trail over the top of an unimproved hill in a state vehicular recreation park. The park was specifically established to provide trails for the recreational use of off-highway vehicles. *Giannuzzi* observed that as originally enacted, section 831.4 had two subjects of immunity—subdivision (a), dealing with "[a]ny unpaved road which provides access to" enumerated recreational activities, and subdivision (b), covering "[a]ny hiking, riding, fishing or hunting trail." (Stats. 1963, ch. 1681, § 1, p. 3273.) When the statute was amended in 1970, the list of enumerated activities in subdivision (a) was expanded, and subdivision (b) was rephrased to its present language of "[a]ny trail used for the above purposes." (Stats. 1970, ch. 807, § 2, p. 1530.) Subdivision (c), concerning easements over private property, was added in 1979. (Stats. 1979, ch. 1010, § 1, p. 3434.) "The exclusive emphasis of subdivisions (a) and (c) . . . is, and has always been, access. Subdivision (b), however, has since its inception had a more substantive aspect, i.e., use of trails for certain recreational activities without regard as to how the persons involved came to be at the spot where injuries occurred." (*Giannuzzi* v. *State of California, supra*, 17 Cal.App.4th at p. 466.) We also observe that were the word "purpose" used in the singular in subdivision (b), i.e., "above purpose," it might logically refer to the "above purpose" of access. However, because it is used in the plural, the word "purposes" in subdivision (b), more logically refers to the multiple recreational activities of subdivision (a).

Appellant further contends that even if immunity is afforded for injuries occurring on trails designed for recreational purposes, such immunity does not extend to paved trails. He argues that if immunity applied to both paved and unpaved trails, there would be no need for section 831.4, subdivision (c), which specifically refers to paved trails, paths, etc. However, subdivision (c) is not concerned with property that public entities own in fee, but with easements granted to public entities specifically to provide access to unimproved property.

The words of a statute are to be accorded their usual, ordinary import. Moreover, they are to be construed in context, keeping in mind the nature and purpose of the statute in which they appear, and the various parts of a statute are to be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. (*Moyer* v. *Workmen's Comp. Appeals Bd.*, *supra*, 10 Cal.3d at p. 230.) Unlike subdivision (a) of section 831.4, which refers specifically to "unpaved" roads, and subdivision (c), which refers specifically to "paved" trails, paths, etc., subdivision (b) refers to "[a]ny" trail. The logical inference of the all-encompassing "any" in subdivision (b), particularly in relationship to the limiting adjectives in its sister subdivisions, is that the nature of the trail's surface is irrelevant to questions of immunity.

Finally, appellant argues that the purpose of Sawyer Camp Trail presents a triable issue of fact. The purpose for which a trail is used is ordinarily viewed as a factual issue, but it becomes a question of law if only one conclusion is possible. (*Giannuzzi* v. *State of California*, *supra*, 17 Cal.App.4th at p. 467.) There is no factual dispute that Sawyer Camp Trail is intended to be used for hiking and riding, two of the enumerated activities of section 831.4, subdivision (a).

The judgment is affirmed.

Peterson, P. J., and King, J., concurred.