Filed 9/30/15  Scott v. City of Santa Monica CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RICHARD SCOTT,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SANTA MONICA,<br><br>Defendant and Respondent. | B256651<br><br>(Los Angeles County<br>Super. Ct. No. SC119013) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Elia Weinbach and Daniel J. Buckley, Judges.  Affirmed.

Law Office of Anthony D. Zinnanti , Anthony D. Zinnanti; JSG Law Group and Julie S. Gerard for Plaintiff and Appellant.

Marsha Jones Moutrie, City Attorney, Lance S. Gams, Chief Deputy City Attorney, Michelle M. Hugard, Deputy City Attorney, for Defendant and Respondent.

_____

Plaintiff Richard Scott was injured when he tripped over a raised edge along a path in Palisades Park in Santa Monica. He sued the City of Santa Monica (City) on the theory that his injuries were caused by a dangerous condition of public property, but the City obtained summary judgment on the basis of trail immunity (Gov. Code, § 831.4, subd. (b)).[1] Plaintiff contends on appeal that the trial court erred because the path in issue was a sidewalk, not a "trail" within the scope of the immunity statute. We disagree and affirm the judgment.

## BACKGROUND

Scott filed a government tort claim, followed by the complaint commencing this action against the City for damages for negligence. In both, he alleged he suffered severe injury to his leg on October 6, 2011, about 6:00 p.m. when he tripped over a metal object and fell while walking on the "Palisades Park walking path near Georgina Avenue" in Santa Monica. Scott's complaint asserted two theories: general negligence and premises liability. The City's answer asserted, inter alia, immunity under section 831.4.

The City filed a motion for summary judgment or summary adjudication asserting immunity from Scott's common law claim of general negligence, pursuant to section 815, and both "design immunity" and "trail immunity" from his premises liability claim pursuant to sections 830.6 and 831.4, respectively. Scott's opposition conceded the City's position with respect to his general negligence cause of action, but opposed the assertions of immunity. Because the trial court ultimately granted the motion with respect to trail immunity only, we do not address any evidence or arguments pertaining solely to design immunity.

The undisputed facts and evidence submitted in support of the parties' separate statements establish that before Scott fell he was walking his dog on the decomposed granite path in Palisades Park in the vicinity of Georgina Avenue, where the path runs parallel to Ocean Avenue. The street and the path are separated by a "steep" "grass and dirt" "embankment," within which are parking meters for parking parallel to a curb.

---

[1] Undesignated statutory references pertain to the Government Code.

2

Scott went down the embankment to cross Ocean Avenue mid-block, but changed his mind and decided to go back up to the walking path. He climbed back up the embankment, but caught his foot on the raised metal edging bordering the path, tripped, and fell. At the time of Scott's accident, the City owned, controlled, and maintained Palisades Park and the decomposed granite path.

The sole disputed fact material to the issue of trail immunity was whether "[t]he purpose of the path was and is for recreational use by walkers, joggers, and runners, and by others using the park to gain access to the beach and trails below." The City supported this assertion with a declaration by Anthony Antich, who was Santa Monica's city engineer at the time renovations of various park features, including the path, were undertaken in 1998 and 1999. Antich's declaration stated, with respect to the purpose of the path, "The path is for recreational use for walkers, joggers, runners and others using the park to gain access to the beach and trails below." Scott's opposition asserted a dispute regarding this fact, stating, "The subject pathway is a sidewalk, running parallel to Ocean Avenue and being prohibited from bicycle use." In support, he cited only the photographs included in exhibit B in support of the City's summary judgment motion.

The trial court granted summary judgment for the City on the theory of trail immunity under section 831.4, subdivision (b), together with Scott's concession that a common law negligence claim could not be pursued against the City. The court explained the path was a trail because it was a path through the park, "'path'" and "'trail'" are synonymous, the path was not "'adjacent to'" the street, it was "designed and used for a recreational purpose, i.e., walking through Palisades Park," it was indistinguishable from paths found to be trails in several published appellate cases, and it should be deemed a trail "to fulfill the purpose of the statute, because public entities could well be inclined to close the park area for public activities if exposed to liability for accidents like the one here." Addressing an argument Scott reiterates on appeal, the court stated, "Plaintiff makes much of the fact that a man in a photo is seen walking with a briefcase in the park; Plaintiff therefore contends the path is more of a sidewalk than a

path.  There is, however, no reason to believe that someone with a briefcase cannot walk through a park.  There is also no reason to believe that a park cannot be used as a means of getting to and from a location that would require a briefcase."

Scott filed a timely appeal from the judgment against him.

## DISCUSSION

### Principles regarding summary judgment motions

A party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he or she is entitled to judgment as a matter of law.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  A triable issue of material fact exists if the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion.  (*Ibid.*)  The moving party also bears the initial burden of producing evidence to make a prima facie showing of the nonexistence of any triable issue of material fact.  (*Ibid.*)

A defendant moving for summary judgment must show, with respect to each of plaintiff's causes of action, that either one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action.  (Code Civ. Proc., § 437c, subd. (p)(2).)  Upon such a showing, the burden shifts to the plaintiff to prove the existence of a triable issue of material fact regarding the element or defense addressed by the defendant's motion.  (*Ibid.*)

We review a trial court's grant of summary judgment de novo.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.)  We view all of the evidence in a light favorable to the responding party, liberally construing the responding party's evidence while strictly scrutinizing the moving party's showing, and resolving any doubts or ambiguities in favor of the responding party.  (*Id.* at p. 768.)

### Trail immunity principles

Section 831.4 provides, in pertinent part:  "A public entity, public employee, or a grantor of a public easement to a public entity for any of the following purposes, is not liable for an injury caused by a condition of:  [¶]  (a) Any unpaved road which provides

4

access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways. [¶] (b) Any trail used for the above purposes."

"The plainly stated purpose of immunity for recreational activities on public land is to encourage public entities to open their property for public recreational use, because 'the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.'" (*Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 417 (*Armenio*).)

Trail immunity under section 831.4, subdivision (b) applies to both trails that are used for the activities listed in subdivision (a), and to trails that are used solely for *access* to such activities, without regard to whether or not the trail is paved. (*Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1078 (*Amberger-Warren*).) "The words 'trail' and 'path' are synonymous," and "under the express terms of subdivision (b), *any* trail is included in the exemption." (*Carroll v. County of Los Angeles* (1997) 60 Cal.App.4th 606, 609.) "Courts have since concluded section 831.4 applies to any trail or path specifically put aside and developed for recreational uses, without regard to its unnatural condition or urban location, and have consistently defined paved, multi-purpose paths located in metropolitan areas as 'recreational trails' for purposes of section 831.4, subdivision (b) immunity." (*Montenegro v. City of Bradbury* (2013) 215 Cal.App.4th 924, 931 (*Montenegro*).)

"Whether the property is a trail depends on a number of considerations, including accepted definitions of the property [citations], the purpose for which the property is designed and used, and the purpose of the immunity statute [citation]." (*Amberger-Warren*, *supra*, 143 Cal.App.4th at pp. 1078–1079.) "The fact that a trail has a dual

5

use—recreational and nonrecreational—does not undermine section 831.4, subdivision (b) immunity." (*Montenegro*, *supra*, 215 Cal.App.4th at p. 932.)

"The purpose for which a trail is used is ordinarily viewed as a factual issue, but it becomes a question of law if only one conclusion is possible." (*Armenio*, *supra*, 28 Cal.App.4th at p. 418.)

**Applicability of trail immunity to the path in controversy**

The facts and supporting evidence in this case are effectively undisputed. The only dispute is the parties' competing characterizations of the path's nature as either a path "for recreational use by walkers, joggers, and runners, and by others using the park to gain access to the beach and trails below" or a sidewalk. The label a party applies to a path is not determinative, however. "[N]o triable issue arises as to a property's status under the statute simply by virtue of what people may call it." (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1083.) "An object is what it is. For example, an adjacent parking lot does not become a trail by the simple expedient of calling it a trail. The design and use will control what an object is, not the name." (*Farnham v. City of Los Angeles* (1998) 68 Cal.App.4th 1097, 1103.)

Reviewing all of the evidence in a light favorable to Scott, we reach the only conclusion is possible: the path in controversy constitutes a recreational trail within the scope of section 831.4, subdivision (b), thus affording the City immunity. The path in controversy is an elevated, unpaved path in a park, separated from the street by a steep grass and dirt embankment, followed by a curb. According to the uncontroverted declaration of the former city engineer, the path is for recreational use by walkers, joggers, runners, and people using the park to gain access to the beach and trails below. An uncontroverted July 30, 1996 memorandum from "City Staff" to the mayor and city council pertaining to the plan to improve Palisades Park, attached as exhibit E to the City's summary judgment motion, describes the path as "a singular, decomposed granite path combin[ing] the park promenade and jogging path to maximize the areas for turf and landscape." At the time Scott was injured, he was engaging in a recreational activity, i.e.,

6

walking his dog on the path. (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1079 [path in dog park used for a form of recreation for both dog and human].) He was not, for example, injured while walking through a parking lot outside an office building where he works. That the injured plaintiff was actually engaging in a recreational activity at the time of using a path has been a key factor relied upon in at least two published decisions applying trail immunity. (*Ibid.*; *Giannuzzi v. State of California* (1993) 17 Cal.App.4th 462, 467 ["[P]laintiff's purpose for being within the Carnegie State Vehicular Recreation Park [fn. omitted] was the recreational driving of his vehicle, and . . . he was injured during the course of that activity. In these circumstances the application of section 831.4 is established as a matter of law."].)

That someone in one of the photos is carrying something that may be a briefcase does not establish that it is not a recreational trail. The statute does not require that a trail be used exclusively for recreational purposes. (*Montenegro*, *supra*, 215 Cal.App.4th at p. 932; *Hartt v. County of Los Angeles* (2011) 197 Cal.App.4th 1391, 1400.) Moreover, even a person who intends to do business or has completed doing business may choose to jog, walk, or bicycle to or from the business location.

That the path runs parallel to, and near the street in the particular area where Scott fell also does not place it outside the scope of section 831.4, subdivision (b). The path found to be a trail in *Montenegro*, *supra*, 215 Cal.App.4th 924, was also built alongside an urban street and the injured plaintiff contended, as does Scott, that it was a sidewalk providing pedestrians a place to walk out of traffic on that street. (*Id.* at p. 928.) The trial and appellate courts nonetheless concluded that it constituted a "trail" within the scope of section 831.4, subdivision (b) because the uncontroverted evidence established that it was designed for use by joggers, hikers, cyclists, and equestrians and was, in fact, used for horseback riding and hiking. (*Montenegro*, *supra*, 215 Cal.App.4th at p. 930.) The injured plaintiff in *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074, also argued that a paved path through the dog park was a sidewalk and therefore fell outside the scope of the immunity statute. The appellate court noted that subdivision (c) of section 831.4

7

refers to "trail, walkway, path, or sidewalk," then subsumes all of these in the term "pathways."[2] (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1082.) The court went on to state: "[T]he pathway here can be deemed to be a trail under subdivision (b), even though it could also be characterized as a 'walkway,' a 'path,' or even, in the broadest sense of the term, a 'sidewalk,' within the meaning of subdivision (c). These terms in subdivision (c) are not mutually exclusive and do not limit the application of subdivision (b). [¶] Plaintiff argues that whether the pathway is a trail is a triable issue of fact because she and her expert called it a sidewalk in their declarations, defendant's park manager called it a 'walkway' in his declaration, and the contract for maintenance of Linda Park and other areas referred to upkeep of 'sidewalks' and 'other paved areas,' rather than trails. However, no triable issue arises as to a property's status under the statute simply by virtue of what people may call it." (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1083.)

Nor does the presence of a bicycle lane on Ocean Avenue establish that the decomposed granite path is not a recreational trail within the scope of section 831.4, subdivision (b). Even if we were to speculate, as Scott urges, that bicycles are not allowed on the path, it would not preclude the path from being a recreational trail. Application of the statute does not require that the property owner allow all forms of recreation listed in subdivision (a) to occur on the property in issue to obtain immunity. We could just as readily, and more plausibly, speculate that the City does not allow hunting on the path in controversy, but doing so clearly would not deprive the path of its recreational trail character.

---

[2] Section 831.4, subdivision (c) provides immunity with respect to "[a]ny paved trail, walkway, path, or sidewalk on an easement of way which has been granted to a public entity, which easement provides access to any unimproved property, so long as such public entity shall reasonably attempt to provide adequate warnings of the existence of any condition of the paved trail, walkway, path, or sidewalk which constitutes a hazard to health or safety. Warnings required by this subdivision shall only be required where pathways are paved, and such requirement shall not be construed to be a standard of care for any unpaved pathways or roads."

Finally, we note that immunity serves the purpose of the immunity statute. Imposition of liability for injuries on the path could cause the City to conclude that the burden and expense of placing and maintaining such property in a safe condition at all times and the expense of defending claims for injuries outweighs the public benefit of the path. This could cause the City to eliminate the path, close the park to activities such as jogging and running, or sell the parkland for private development.

In sum, we conclude that the trial court properly determined there were no triable issues of material fact and that the City was immune from liability under section 831.4, subdivision (b). We therefore affirm the trial court's grant of summary judgment.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

9