Filed 12/15/15  Modified and certified for publication 1/13/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TERESA BURGUENO et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant and Respondent. | H040416<br>(Santa Cruz County<br> Super. Ct. No. CV173578) |

## I.  INTRODUCTION

Student Adrian Burgueno was fatally injured in a bicycle accident on the Great Meadow Bikeway, which is on the campus of the University of California, Santa Cruz (UCSC).  Appellants Teresa Burgueno (Adrian's mother) and Melissa Burgueno (Adrian's sister)[1] have brought the instant action against respondents, the Regents of the University of California (the Regents), alleging that the Regents are liable for Adrian's death due to the dangerous condition of the Great Meadow Bikeway.  The trial court granted the Regents' motion for summary judgment on the ground that the action was

---

[1] Since appellants have the same surname as the decedent, we will refer to Adrian Burgueno by his first name for the purpose of clarity, meaning no disrespect.

barred under the recreational trail immunity provided by Government Code section 831.4.[2]

For the reasons stated below, we determine that the causes of action for dangerous condition of public property and wrongful death are barred as a matter of law because the Regents have absolute immunity from claims arising from Adrian's tragic accident on the Great Meadow Bikeway pursuant to the recreational trail immunity provided by section 831.4. We will therefore affirm the summary judgment.

## II. FACTUAL BACKGROUND

Our factual summary is drawn from the parties' separate statements of fact and the evidence they submitted in connection with the motion for summary judgment.

Adrian was a full-time student at UCSC in February 2011. He lived in an off-campus apartment and commuted to the university on his bicycle. His route to campus included traveling on the Great Meadow Bikeway.

The Great Meadow Bikeway is a paved bike path than runs through a portion of the UCSC campus known as the Great Meadow. Constructed in 1973, the purpose of the Great Meadow Bikeway is bicycle transportation to and from the central campus that is separate from automobile traffic. There have been a number of bicycle accidents on the Great Meadow Bikeway.

Some bicyclists use the Great Meadow Bikeway for recreation. Members of the Santa Cruz County Cycling Club use the Great Meadow Bikeway to access mountain bike paths in the redwood forests above the university campus. The Great Meadow Bikeway ends at the university's music center, where the cycling club members then travel through the campus to reach the mountain bike paths.

---

[2] All further statutory references are to the Government Code unless otherwise indicated.

2

Although automobiles and pedestrians are not allowed on the Great Meadow Bikeway, at times the bikeway is accessed by university service vehicles and emergency vehicles. In addition, the Great Meadow Bikeway is crossed by the "farm access road." University service vehicles and farm visitors in private automobiles occasionally cross the Great Meadow Bikeway on the "farm access road."

On February 10, 2011, Adrian used his bicycle to go to his evening photography class. As Adrian was leaving the campus that evening on his bicycle, he was fatally injured in a bicycle accident on the downhill portion of the Great Meadow Bikeway.

### III. PROCEDURAL BACKGROUND

#### A. *The Pleadings*

The operative complaint is the second amended complaint (the complaint). Plaintiffs allege in their complaint that the Great Meadow Bikeway does not provide any access to recreational or scenic areas and "serves the purpose of connecting the UCSC campus and downtown Santa Cruz." They assert two causes of action against defendant the Regents, dangerous condition of public property and wrongful death.

In the cause of action for dangerous condition of public property, plaintiffs allege that the Regents had actual knowledge that students used the Great Meadow Bikeway for commuting to campus at night, and knew or should have known that the bikeway was unsafe due to its downhill curve, sight limitations, lack of runoff areas, lack of adequate signage, lack of appropriate roadway markings, and lack of physical barriers to prevent nighttime use of the bikeway. Plaintiffs also allege that the Regents failed to warn the public and UCSC students of the bikeway's dangerous condition.

In the cause of action for wrongful death, plaintiffs assert that the Regents' negligence and recklessness was the proximate cause of Adrian's death "during a crash on the Great Meadow bikeway."

3

In their answer to the complaint, the Regents include several affirmative defenses, including the affirmative defense of governmental immunity as set forth in various provisions of the Government Code.

**B. *The Motion for Summary Judgment***

The Regents moved for summary judgment on the ground that they had absolute immunity for injuries resulting from the condition of the Great Meadow Bikeway under the government immunity provided by section 831.4 for injuries caused by the condition of a trail. They argued that the Great Meadow Bikeway is a trail within the meaning of section 831.4 because section 831.4 has been construed to apply to a paved bike path that, like the Great Meadow Bikeway, is used directly for recreational activity or scenic viewing, or provides access to recreational activity or scenic viewing. For that reason, the Regents contended that the causes of action for dangerous condition of public property and wrongful death failed and summary judgment should be granted.

In opposition to the motion for summary judgment, plaintiffs argued that the motion must be denied because the Great Meadow Bikeway is not a recreational trail within the meaning of section 831.4, and therefore the Regents do not have immunity from plaintiffs' claims. According to plaintiffs, the evidence shows that the Great Meadow Bikeway is a "major transportation corridor" designed and used for bicycle commuting to the UCSC campus, not recreation. Plaintiffs further argued that any incidental recreational use of the Great American Parkway was insufficient to make it a recreational trail to which trail immunity under section 831.4 applies.

**C. *The Trial Court's Order***

The trial court granted the motion for summary judgment in its September 30, 2013 order. The court stated in its order that the Regents were entitled to immunity under section 831.4, subdivision (b), which defeated plaintiffs' claims for dangerous condition of public property and wrongful death arising from the condition of the Great Meadow Bikeway. During the hearing on the motion, the trial court stated that under the

4

applicable case law "the only conclusion that's possible . . . is that this Great Meadow bike path is a trail."

## IV.  DISCUSSION

### A.  *The Standard of Review*

The standard of review for an order granting a motion for summary judgment is de novo.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).)  The trial court's stated reasons for granting summary judgment are not binding on the reviewing court, "which reviews the trial court's ruling, not its rationale.  [Citation.]" (*Ramalingam v. Thompson* (2007) 151 Cal.App.4th 491, 498.)

In performing our independent review, we apply the same three-step process as the trial court.  "Because summary judgment is defined by the material allegations in the pleadings, we first look to the pleadings to identify the elements of the causes of action for which relief is sought."  (*Baptist v. Robinson* (2006) 143 Cal.App.4th 151, 159 (*Baptist*).)

"We then examine the moving party's motion, including the evidence offered in support of the motion."  (*Baptist, supra*, 143 Cal.App.4th at p. 159.)  A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action.  (Code Civ. Proc., § 437c, subd. (o); *Aguilar, supra*, 25 Cal.4th at p. 850.)

If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied.  However, if the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 849.)

In determining whether the parties have met their respective burdens, "the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citations], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar, supra*, 25 Cal.4th at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id.* at p. 850, fn. omitted.) Thus, a party " 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact. [Citation.]' [Citation.]" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145.)

Keeping the standard of review in mind, we will independently determine whether the Regent's s motion for summary judgment should have been granted on the ground that the undisputed facts show that the action is barred as a matter of law under the government immunity provided by section 831.4.

**B.** *Trail Immunity under Section 831.4*

"Under the Government Claims Act (Gov. Code, § 810 et seq.), a public entity is *not* liable '[e]xcept as otherwise provided by statute.' (Gov. Code, § 815; [citation].) If the Legislature has not created a statutory basis for it, there is no government tort liability. [Citation.]" (*State ex rel. Dept. of California Highway Patrol v. Superior Court* (2015) 60 Cal.4th 1002, 1009.)

In the present case, plaintiffs allege in their complaint that the Regents are liable because Adrian's death was caused by the dangerous condition of the Great Meadow Bikeway. "A public entity is generally liable for an injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury and the public entity had actual or constructive notice

6

of the dangerous condition.  (§§ 835, 835.2; [citation].)" (*Montenegro v. City of Bradbury* (2013) 215 Cal.App.4th 924, 929 (*Montenegro*).)

"Section 831.4,[3] however, precludes governmental liability for injuries caused by the condition of '(a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas' or '(b) Any trail used for the above purposes,' referring to the purposes listed in subdivision (a)." (*Montenegro*, *supra*, 215 Cal.App.4th at p. 929, fn. omitted.)

"The plainly stated purpose of immunity for recreational activities on public land is to encourage public entities to open their property for public recreational use, because 'the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.' (Legis. committee com. 32 West's Ann. Gov. Code [(1980 ed.)] § 831.2, p. 293; [citations].)" (*Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 417 (*Armenio*).)

---

[3] Section 831.4 provides:  "A public entity, public employee, or a grantor of a public easement to a public entity for any of the following purposes, is not liable for an injury caused by a condition of:  [¶]  (a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways.  [¶]  (b) Any trail used for the above purposes.  [¶]  (c) Any paved trail, walkway, path, or sidewalk on an easement of way which has been granted to a public entity, which easement provides access to any unimproved property, so long as such public entity shall reasonably attempt to provide adequate warnings of the existence of any condition of the paved trail, walkway, path, or sidewalk which constitutes a hazard to health or safety.  Warnings required by this subdivision shall only be required where pathways are paved, and such requirement shall not be construed to be a standard of care for any unpaved pathways or roads."

7

Thus, section 831.4, subdivision (b) extends immunity to trails used for the recreational purposes described in section 831.4, subdivision (a) (fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, and water sports) and also to trails providing access to those recreational activities. (See, e.g., *Treweek v. City of Napa* (2000) 85 Cal.App.4th 221, 229, 231; *Montenegro*, *supra*, 215 Cal.App.4th at p. 929.) A public entity " 'is absolutely immune from liability for injuries caused by a physical defect of a [recreational] trail.' [Citation.]" (*Montenegro*, *supra*, at p. 929.) Immunity under section 831.4 is sometimes referred to as "trail immunity." (See, e.g., *Prokop v. City of Los Angeles* (2007) 150 Cal.App.4th 1332, 1342 (*Prokop*); *Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1077.)

### C. *Analysis*

Plaintiffs contend that the trial court erred in determining that their action is barred by section 831.4 trail immunity because the evidence demonstrates that the Great Meadow Bikeway is not a trail within the meaning of section 831.4. According to plaintiffs, the Great Meadow Bikeway does not serve the statutory purpose of keeping a recreational trail open to the public because university records show that (1) the bikeway was designed for its primary use of bicycle commuting; (2) the bikeway produces revenue from student tuition and other sources; and (3) the Regents take responsibility for the bikeway's safety and would keep the bikeway open without statutory immunity.

Although plaintiffs acknowledge that some bicyclists use the Great Meadow Bikeway to access recreational lands adjacent to campus, they argue that such use is secondary and does not change the primary character of the bikeway. Plaintiffs also emphasize that Adrian was not engaged in a recreational activity when his accident occurred on the Great Meadow Bikeway.

The Regents disagree that summary judgment was improperly granted, since they contend that they have complete immunity under section 831.4. They argue that the Great Meadow Bikeway is a trail within the meaning of section 831.4 because that

8

section has been construed to apply to bike paths; the Great Meadow Bikeway is itself scenic; and it is undisputed that the Great Meadow Bikeway is used by recreational bicyclists. They also assert that the Great Meadow Bikeway must be treated as a trail under section 831.4 in order to serve the statute's purpose of encouraging public entities to open their property for public recreational use without exposure to liability. In addition, the Regents maintain that it is immaterial that Adrian was not using the Great Meadow Bikeway for a recreational purpose at the time of his accident.

Several decisions have considered the application of section 831.4 trail immunity in the context of a bicycle accident on a public trail or path. In *Armenio*, the plaintiff was injured while riding his bicycle in a county park on a paved trail used for hiking and riding. (*Armenio*, *supra*, 28 Cal.App.4th at p. 415.) The appellate court ruled that trail immunity under section 831.4 applies to paved trails on which recreational activity takes place, as well as trails that provide access to recreational activities. (*Armenio, supra*, at pp. 417-418; accord, *Carroll v. County of Los Angeles* (1997) 60 Cal.App.4th 606, 607, 609-610 (*Carroll*) [county immune under section 831.4 from claims arising from a bicycle accident on the paved South Bay Bicycle Path]; *Farnham v. City of Los Angeles* (1999) 68 Cal.App.4th 1097, 1099, 1103 (*Farnham*) [city immune under section 831.4 from claims arising from a bicycle accident on the paved Sepulveda Basin Bikeway]; *Prokop, supra,* 150 Cal.App.4th at p. 1335 [city immune from claims arising from a bicycle accident on a city-designed bikeway alongside a river].) Thus, it is now well established that section 831.4 applies "to bike paths, both paved and unpaved, to trails providing access to recreational activities, and to trails on which the activities take place. [Citations.]" (*Prokop*, *supra*, at p. 1335.)

Plaintiffs argue that the decisions in *Armenio*, *Carroll*, *Farnham*, and *Prokop* are distinguishable because the bikeways at issue in those cases were intended and used for recreation, unlike the Great Meadow Bikeway which was designed for its primary use as

9

a bicycle transportation corridor.  We are not persuaded that the use of a trail for both recreational and non-recreational purposes precludes trail immunity under section 831.4.

In *Hartt v. County of Los Angeles* (2011) 197 Cal.App.4th 1391 (*Hartt)*, the appellate court considered whether section 831.4 immunized the County of Los Angeles from liability for a wrongful death claim that arose from a bicycle accident on a park trail that was used for both recreation and access for service vehicles.  (*Hartt*, *supra,* at pp. 1393, 1399-1400.)  The *Hartt* court determined that "[t]he question that must be answered is whether this dual or mixed use circumvents the immunity provided by the Legislature in Government Code section 831.4.  We find no such exception on the face of the statute.  We conclude by saying that the legislature knows how to create statutory exceptions but apparently chose not to do so in this instance."  (*Id.* at p. 1400.)

Similarly, the *Montenegro* court stated:  "The fact that a trail has a dual use— recreational and nonrecreational—does not undermine section 831.4, subdivision (b) immunity.  [Citations.]"  (*Montenegro*, *supra*, 215 Cal.App.4th at p. 932.)  Thus, the court determined that the City of Bradbury was immunized under section 831.4 from claims arising from the plaintiff's trip and fall, although the plaintiff's accident occurred while she was walking on a city pathway "as an ordinary pedestrian seeking to avoid traffic," and not for a recreational purpose.  (*Montenegro*, *supra*, at p. 932.)

In the present case, the evidence shows that it is undisputed that the Great Meadow Bikeway is primarily used for its intended purpose as a route for bicycle commuting to and from the UCSC campus.  It is also undisputed that the Great Meadow Bikeway is used for recreation.  In their response to the Regents' separate statement of undisputed material facts, plaintiffs state:  "UNDISPUTED that, although the admitted 'purpose' of the Great Meadow bike path is to facilitate students commuting via bicycle to/from the USCS main campus and that it is primarily used for such purpose, some bicyclists may utilize the Great Meadow bike path for recreation."  Since the Great Meadow Bikeway has mixed uses that undisputedly include recreation, the Regents have

10

trail immunity under section 831.4, subdivision (b) from claims, such as the plaintiffs' claims, that arise from the condition of the Great Meadow Bikeway. (See *Hartt*, *supra, 197* Cal.App.4th at pp. 1399-1400; *Montenegro*, *supra*, 215 Cal.App.4th at p. 932.)

Moreover, plaintiffs do not dispute the evidence showing that recreational bicyclists used the Great Meadow Bikeway as part of their route to access the mountain biking paths in the redwood forests above the UCSC campus. Section 831.4 has been construed to apply to bike paths that, like the Great Meadow Bikeway, provide access to recreational activities. (See, e.g., *Armenio, supra*, 28 Cal.App.4th at pp. 417-418.)

For these reasons, we determine that the causes of action for dangerous condition of public property and wrongful death are barred as a matter of law because the Regents have absolute immunity from claims arising from Adrian's tragic accident on the Great Meadow Bikeway pursuant to section 831.4. We therefore conclude that the trial court did not err in granting the Regents' motion for summary judgment, and we will affirm the judgment.

Having reached this conclusion, we need not address plaintiffs' contention on appeal that the trial court committed evidentiary error in excluding the memorandum of UCSC Police Sergeant Todd Lambaren regarding bicycle accidents on the Great Meadow Bikeway.

## V. DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.

11

Filed 1/13/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TERESA BURGUENO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant and Respondent. | H040416<br>(Santa Cruz County<br>Super. Ct. No. CV173578)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on December 15, 2015, be modified as follows:

1.  The caption heading is corrected to reflect the correct spelling of appellants' surname "Burgueno."

2.  On page four, the third full paragraph, the last sentence, the reference to "Great American Parkway" should be changed to "Great Meadow Bikeway." The sentence should read:

Plaintiffs further argued that any incidental recreational use of the Great Meadow Bikeway was insufficient to make it a recreational trail to which trial immunity under section 831.4 applies.

The opinion was not certified for publication in the Official Reports. David S. Rosenbaum, attorney for defendant and respondent, has requested the opinion be certified for publication. It appears that the opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


_____
MIHARA, J.


_____
GROVER, J.

2

Trial Court: Santa Cruz County Superior Court
Superior Court No.: CV173578


Trial Judge: Hon. Paul M. Marigonda


Attorney for Plaintiffs and Appellants: Matiasic Roth & Johnson LLP
Teresa Burgueno et al. Paul Anthony Matiasic

Smith & McGinty
Daniel U. Smith


Attorney for Defendant and McDowall Cotter
Respondent: David Schultz Rosenbaum
The Regents of the University of
California


*Burgueno v. The Regents of the University of California.*
**H040416**