Filed 7/31/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MICHELE LEE,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF PARKS AND RECREATION et al.,<br><br>　　　　Defendants and Respondents. | A154021<br><br>(Marin County<br>Super. Ct. No. CIV1603114) |

Plaintiff Michele Lee injured herself on a stairway in the Bootjack Campground within Mt. Tamalpais State Park and sued respondent California State Department of Parks and Recreation ("State Parks") for premises liability. The trial court awarded summary judgment to State Parks on the basis of trail immunity under Government Code section 831.4, subdivision (b). It also awarded attorney's fees and defense costs to State Parks under Code of Civil Procedure section 1038. Lee appeals both aspects of the judgment.

We affirm the trial court's ruling that State Parks is entitled to immunity because the stairway is a "trail," or at least an "integral part" of a trail, within the meaning of Government Code section 831.4, subdivision (b).[1] However, we reverse the trial court's award of attorney's fees and costs, as we agree with Lee that the issue of immunity was not so clear cut that her lawsuit lacked reasonable cause.

---

[1] All further statutory references are to the Government Code unless otherwise specified.

1

## FACTS AND PROCEDURAL HISTORY

Bootjack Campground is located in Mt. Tamalpais State Park, which is owned and controlled by State Parks. From the nearest parking lot, there are two ways to access Bootjack Campground: a stone stairway, built into a hill, and a longer ADA-compliant path. Photographs show the stairway is relatively flat and wide, and winds through a wooded hillside. A sign indicates that the stairway leads to a "Campground and Picnic Area," "Bootjack Trail," and "Matt Davis Trail."

In August 2015, Lee fell and suffered an injury on the stairway. The relevant facts surrounding her injury are undisputed. After camping overnight at Bootjack Campground with her boyfriend, Lee started to descend the stairway from the campground to the parking lot. She slipped on an "uneven portion" of the stairs, fell, and broke her ankle in three places. Both Lee and her boyfriend asserted that the stairway contained uneven and protruding stones and depressions. They also claimed that leaves from a nearby tree shaded and concealed those protrusions and depressions.

One year after her injury, Lee brought a single cause of action *in pro per* against State Parks and its Director for premises liability, claiming the dangerous condition of the stairway caused her injury. In its answer to Lee's complaint, State Parks raised an affirmative defense under Government Code section 831.4, asserting that it is immune from liability for injuries caused by any trail or unpaved road that provides access to recreational or scenic areas. It also alleged that Lee's action was filed without reasonable cause and good faith, such that State Parks was entitled to recover defense costs under Code of Civil Procedure section 1038.

Lee continued with the case and retained counsel. The parties communicated through case management conferences, a joint letter with proposed mediators, emails, and telephone calls. In those communications, State Parks repeatedly reminded Lee and her counsel of its trail immunity defense.

State Parks filed a motion for summary judgment and a motion for defense costs. According to billing statements from the California Attorney General's Office, State Parks incurred $44,043.50 in attorney's fees and costs between the time Lee retained

2

counsel and the filing of the summary judgment motion. Lee opposed the summary judgment motion, contending that no statutory immunity existed because the stairway is not a trail and, alternatively, that the stairway contained dangerous conditions.

## THE TRIAL COURT'S RULING

The trial court granted summary judgment in favor of State Parks. On the finding that the stairway to Bootjack Campground is a trail, or at least an integral part of a trail, that provides access to recreational areas, the trial court concluded State Parks is "absolutely immune" from liability pursuant to the statutory trail immunity provided by Government Code section 831.4, subdivision (b).

In addition, the trial court granted State Parks' motion for defense costs, including attorney's fees, pursuant to Code of Civil Procedure section 1038. Because the trial court regarded the statutory immunity as " 'conclusive,' " it found Lee's maintenance of the lawsuit to be unreasonable as a matter of law and awarded fees. But it considered the claimed hours excessive and reduced the requested amount by 50% as a result. The court ultimately awarded State Parks fees and costs in the amount of $22,139.75.

This appeal followed.

## DISCUSSION

### I. The Bootjack stairway is within the scope of the trail immunity statute.

*A. Standard of Review*

A motion for summary judgment should be granted if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c); *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002–1003.) The moving party bears the burden of persuasion and must show that one or more elements of the causes of action cannot be established, or that there is a complete defense to each cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) An order granting summary judgment is reviewed de novo. (*Guz v. Bechtel National, Inc.* (2000)

3

24 Cal.4th 317, 334.)  The appellate court is not bound by the issues decided by the trial court but will affirm the judgment of the trial court if it is correct on any of the grounds asserted by the movant.  (*Schmidt v. Bank of America* (2014) 223 Cal.App.4th 1489, 1498.)

*B. Trail Immunity Law*

Section 831.4—the " 'trail immunity' " statute—provides that a public entity is not liable for an injury caused by a condition of:  "(a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding . . . water sports, recreational or scenic areas . . . (b) Any trail used for the above purposes."  (Gov. Code, § 831.4, subds. (a), (b).)  The purpose of trail immunity is to "encourage public entities to open their property for public recreational use, because 'the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.' "  (*Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 417 (*Armenio*).)

In a series of cases, appellate courts have expounded upon the reach of section 831.4.  First, the *Armenio* court clarified that subdivisions (a) and (b) should be read together such that immunity attaches to trails providing access to recreational activities as well as to trails on which those recreational activities take place.  (*Armenio*, *supra*, 28 Cal.App.4th at p. 417).  The court also held that the "nature of the trail's surface is irrelevant to questions of immunity."  (*Id.* at p. 418.)  Following this trajectory, subsequent courts have explained that section 831.4 applies to paths, regardless of whether they are paved or unpaved.  (*Carroll v. County of Los Angeles* (1997) 60 Cal.App.4th 606, 609 (*Carroll*); *Farnham v. City of Los Angeles* (1998) 68 Cal.App.4th 1097, 1101 (*Farnham*).)

Whether a property is considered a "trail" under section 831.4 turns on "a number of considerations," including (1) the accepted definitions of the property, (2) the purpose for which the property is designed and used, and (3) the purpose of the immunity statute. (*Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1078–1079 (*Amberger-Warren*).)  In *Treweek v. City of Napa* (2000) 85 Cal.App.4th 221 (*Treweek)*,

our colleagues in Division Two of this District suggested in dictum that, even if a property is not "in and of itself" a trail, it might nonetheless be immune because it is "integrated into" and "essential to" an immunized trail.  (*Id.* at p. 232.)

   *C.  The Bootjack stairway is a trail, or at least an integral part of a trail, such  that trail immunity applies.*

   Lee argues that section 831.4 is not applicable to the Bootjack stairway, contending that the trial court conducted an incorrect analysis of the first *Amberger-Warren* factor and an insufficient analysis of the third.  We disagree.

   The first *Amberger-Warren* factor is the accepted definition of the property.  (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1079.)  Merriam-Webster defines "trail" as "a marked or established path or route especially through a forest or mountainous region."  (Merriam-Webster Online Dict. <https://www.merriam-webster.com/dictionary/trail> [as of 7/31/19].)  It defines "stairway" as "one or more flights of stairs usually with landings to pass from one level to another."  (Merriam-Webster Online Dict. < https://www.merriam-webster.com/dictionary/stairway> [as of 7/31/19].)  The Bootjack stairway appears to satisfy both definitions because it is a marked path, made up of a flight of stairs, through a wooded region of the state park.  We therefore agree with the trial court that "trail" and "stairway" are not mutually exclusive.

   Lee claims the trial court erroneously equated "trail" and "stairway" and granted immunity solely because the stairway "provide[s] access" to a recreational area.  Lee is correct that not every structure providing access to recreation can be defined as a trail.  (*Treweek*, *supra*, 85 Cal.App.4th at pp. 229–230.)  But as the court in *Farnham* stated, "[a]n object is what it is . . . .  The design and use will control what an object is, not the name."  (*Farnham*, *supra*, 68 Cal.App.4th at p. 1103.)  Thus, we look to the stairway's design and use to determine whether it can be defined as a trail.  Lee's photographs make evident the stairway's design.  Compared to a typical staircase connecting two floors in a building, the Bootjack stairway is flatter and longer; it is winding rather than straight; it is built into the path on a hill; and it is made from crude, natural materials.  In fact, the

5

Bootjack stairway's design closely resembles a trail.  Although this trail's design contains stone steps, courts have consistently held that the nature of the trail's surface is irrelevant to determining immunity and that immunity extends to claims arising from the trail's design and maintenance.  (*Armenio*, *supra*, 28 Cal.App.4th at p. 418; *Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1084.)  Lee herself used the stairway to access the campground, a recreational activity explicitly covered by section 831.4, subdivision (a).  Additionally, the sign at the base of the stairs indicates it provides access to hiking trails, another activity covered by the statute.  Both the design and use of the Bootjack stairway suggest it is a trail, regardless of semantics.

Taking the dictum in *Treweek* by its terms and anticipating that we will adopt the "integrated into" a trail concept advanced there—which we do—Lee also argues the stairway is not an integral part of an immunized trail.  In *Treweek*, the court denied extension of trail immunity to a boat ramp.  (*Treweek*, *supra*, 85 Cal.App.4th at p. 223.)  The *Treweek* court foresaw our current situation, however, noting as an "abstract proposition" that immunity might apply to structures such as ramps or stairways that are "fully integrated into" and "essential to" the full and ordinary use of an immunized trail.  (*Id*. at p. 232.)  The boat ramp in *Treweek* failed to meet these requirements because it was not connected at either end to an immunized trail.  (*Id*. at pp. 233–234.)  By contrast, the Bootjack stairway is built entirely into and on top of a trail—that is, if the stairs did not exist, there would still be a trail below it.

We see no merit to Lee's further argument that the stairway is not essential because the ADA-compliant path exists as an alternative.  It would be illogical to find that State Parks loses immunity by offering an alternative, ADA-compliant route to members of the public who cannot climb stairs.  Accordingly, the *Treweek* court could not have intended "essential" to mean "absolutely necessary," as Lee claims.  Instead, it suffices that the stairway at issue is essential for campers to ascend and descend the relatively steep hillside trail more safely, easily, and quickly.  We thus agree with the trial court that, even if the stairway is not itself a trail, it is an integral part of a trail such that statutory immunity still applies.

6

The second *Amberger-Warren* factor is the purpose for which the property is designed and used. (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1079.) Lee concedes the stairway was designed and constructed for the purpose of accessing recreational areas.

The third *Amberger-Warren* factor is whether treating the property as a trail would fulfill the purpose of the immunity statute. (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1079.) When the legislature has stated the purpose of its enactment, courts must apply the statute in accordance with that direction. (*Armenio*, *supra*, 28 Cal.App.4th at p. 416.) In this case, the stated purpose of statutory trail immunity is to keep recreational property open to the public. The legislature was concerned that " 'the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use.' " (*Id*. at p. 417)

Lee claims that a proper analysis, taking into account revenue-generation, would show that granting immunity to the Bootjack stairway does not serve the statute's purpose. She urges us to apply the analyses in *Treweek*, *Leyva v. Crockett & Co., Inc.* (2017) 7 Cal.App.5th 1105 (*Leyva*), and *Garcia v. American Golf Corporation* (2017) 11 Cal.App.5th 532 (*Garcia*) to determine whether Bootjack Campground is actually likely to close absent immunity. But nothing in the record supports Lee's assertion on appeal that Bootjack Campground charges a fee of $25 per night per campsite. We may disregard any factual contention not supported by a proper citation to the record. (Cal. Rules of Court rule 8.204(a)(1)(C); *Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 868.) In any event, we find no reason in either the language of the statute or in the case law to preclude immunity because State Parks purportedly charges a nominal fee. We decline to adopt Lee's proposal for a revenue-burden test or a rule that a public agency must be liable for known dangerous conditions on paid camping facilities unless it can show it will close the facility in the face of liability.

Furthermore, each of the cases on which Lee relies is distinguishable. In *Treweek*, the court doubted that the city would close the boat ramp absent immunity because the

7

ramp was used for both recreational and commercial purposes, creating a financial incentive to keep it open. (*Treweek*, *supra*, 85 Cal.App.4th at p. 234.) Here, State Parks is simply not a commercial enterprise, even if it charges fees, as Lee claims on appeal. *Leyva* is unhelpful to Lee because the court's analysis on erecting safety barriers had nothing to do with revenue generation. (*Leyva*, *supra*, 7 Cal.App.5th at p. 1111.) Lastly, *Garcia* denied immunity for a trail adjacent to a commercially-operated, revenue-generating public golf course. (*Garcia*, *supra*, 11 Cal.App.5th at p. 544.) The court highlighted that the risk of harm by third-party golfers existed regardless of the trail and that the golf course could afford to fund safety features, obtain insurance, and pay lawyers. (*Id*. at p. 545.) Lee's situation differs in significant respects. First, the stairway is not adjacent to or separate from the trail; it is built into, and part of, the trail itself. Second, the risk of harm is caused by conditions of the stairway and trail rather than by third-party conduct. Third, Bootjack Campground is not a commercially-operated property like a golf course.

Treating the stairway as a trail fulfills the purpose of the immunity statute. As explained above, cases construing section 831.4 demonstrate that the statute's paramount purpose is keeping recreational areas open to the public by preventing burdens and costs on public entities. In rejecting an injured plaintiff's claim, the court in *Farnham* acknowledged as reasonable users' expectation that a paved bike path would be appropriately constructed and maintained but emphasized the "the flip side" that cities and counties might face difficulties inspecting and repairing such properties. (*Farnham*, *supra*, 68 Cal.App.4th at p. 1103.) The court elaborated on why maintenance would be burdensome: "Paved trails are subject to changing irregularity of surface conditions . . . the weather can . . . creat[e] an unsafe surface for almost any user. Rocks, tree branches and other debris often find their way onto a trail." (*Ibid.*) Lee alleges the Bootjack stairway is dangerous due to protrusions and depressions on the stone stairs and due to tree leaves covering the stairs, which are conditions nearly identical to the "irregularity" and "debris" the *Farnham* court contemplated. Denying immunity would impose on State Parks the burden of inspecting and repairing every path in every park in

the State of California that contains steps and defending itself in litigation similar to our present case. Facing such liability, the State might well decline to build stairs into steep paths—a result that would ensure the State's immunity but would make our parks and public spaces less safe. We decline to adopt a rule that would discourage, rather than encourage, such safety measures.

In sum, we agree with the trial court's conclusion that the Bootjack stairway is a trail, or at least an integral part of a trail, within the meaning of section 831.4. We thus affirm the summary judgment in favor of State Parks.

## II. Defense costs are unwarranted because Lee's suit was reasonable.

### A. Standard of Review

Under Code of Civil Procedure section 1038, certain defendants in civil proceedings under the California Torts Claims Act may recover defense costs, including reasonable attorney's fees, if the court determines the proceeding was not brought "with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law." (Code Civ. Proc., § 1038.) The award of defense costs is reviewed under two different standards. " 'Reasonable cause' " is determined objectively as a matter of law and is subject to de novo review. (*Hall v. Regents of University of California* (1996) 43 Cal.App.4th 1580, 1586). " 'Good faith' " is a factual inquiry into the plaintiff's subjective state of mind and is therefore reviewed under a sufficiency of the evidence standard. (*Ibid.*)

### B. Governing Law

By allowing recovery of defense costs, Code of Civil Procedure section 1038 aims to discourage "unmeritorious" and "frivolous" litigation. (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 857.) In both the initial filing of an action and its continued maintenance, section 1038 requires the plaintiff to meet two conditions: good faith and reasonable cause. (*Carroll v. State of California* (1990) 217 Cal.App.3d 134, 141.) For a defendant to recover fees, it is sufficient if the trial

court finds the plaintiff lacks either reasonable cause or good faith.[2] (*Knight v. City of Capitola* (1992) 4 Cal.App.4th 918, 931–932, overruled on other grounds in *Reid v. Google* (2010) 50 Cal.4th 512, 532, fn. 7.) Reasonable cause is an objective standard, determined as a matter of law on the basis of facts known to the plaintiff when she filed or maintained the action. (*Id.* at p. 932.) Courts have also defined reasonable cause under an objective standard as " ' "whether any reasonable attorney would have thought the claim tenable." ' " (*Kobzoff*, *supra*, 19 Cal.4th at p. 857.) Pursuing an action against a defendant with "conclusive statutory immunity" is unreasonable as a matter of law. (*Id.* at p. 863.)

   *C. Lee had reasonable cause to bring and maintain this suit because it is not settled law that stairways are immune.*

Lee argues that the award of fees and costs was improper because she maintained her premises liability action against State Parks with reasonable cause.[3] On a de novo review, we conclude Lee's lawsuit is not unreasonable as a matter of law.

The trial court agreed with State Parks' suggestion that, from the moment Lee retained counsel, she lacked reasonable cause to maintain the lawsuit because the statute and case law should have convinced her counsel that immunity applies. It is true that State Parks put Lee and her counsel on notice about trail immunity multiple times. But there was a reasonable basis for Lee's failure to be convinced by State Parks' assertions. Although her arguments against immunity based on, e.g., the paving of the stairs, the purported revenue generation of Bootjack Campground, and public policy are not

---

[2] State Parks has never asserted, and the trial court did not find, that Lee lacked subjective good faith. The award under section 1038 therefore rises or falls on the propriety of the court's ruling that Lee lacked reasonable cause, and we do not further address good faith.

[3] Lee arguably waived her right to appeal the judgment on defense costs because she failed to oppose State Parks' motion for defense costs in the trial court. Still, we exercise our discretion to address the propriety of the award because reasonable cause is reviewed de novo and both parties briefed the issue on its merits.

10

convincing, Lee is correct that no case law addresses (except in dictum) whether stairways are trails.

As discussed above, immunity applies to both access trails and trails that are themselves used for recreation, to trails with both paved and unpaved surfaces, and to bike paths. (*Armenio*, *supra*, 28 Cal.App.4th at pp. 417–418; *Carroll*, *supra*, 60 Cal.App.4th at p. 609; *Farnham*, *supra*, 68 Cal.App.4th at p. 1101.) Nevertheless, no governing case law explicitly held that stairways are trails as a matter of law, such that section 831.4 would always bar suit. Without an established rule relating to stairways in general, the question of whether the Bootjack stairway qualifies as a trail must depend on an analysis of the circumstances using the three *Amberger-Warren* factors and cases construing section 831.4 in other factual scenarios. (*Amberger-Warren*, *supra*, 143 Cal.App.4th at pp. 1078–1079.) The trial court pointed to *Treweek* as an authority regarding stairways. However, *Treweek*'s reference to stairways came in the context of its discussion of an "abstract proposition"—not a legal holding—that immunity "might" be extended to constructions such as stairways. (*Treweek*, *supra*, 85 Cal.App.4th at p. 232.) Given the judicial trend in trail immunity law toward broadening immunity, it was predictable—but by no means certain—that a court would determine the Bootjack stairway to be a trail or at least an integral part of one. Accordingly, we cannot say statutory immunity was objectively "conclusive" prior to judicial resolution.

For the foregoing reasons, we conclude Lee had reasonable cause to bring and maintain her lawsuit. We thus reverse the trial court's award of defense costs to State Parks.[4]

## DISPOSITION

We hold that trail immunity applies to the Bootjack stairway, but that Lee's lawsuit did not lack reasonable cause. The trial court's grant of summary judgment is

---

[4] Because we reverse the trial court's award of defense costs, we need not address Lee's argument regarding the amount of the award.

11

affirmed.  The award of defense costs is reversed.  The parties shall bear their own costs on appeal.

                        _____

                        BROWN, J.

WE CONCUR:


_____

POLLAK, P.J.


_____

STREETER, J.

*Lee v. California Department of Parks and Recreation* (A154021)

13

Trial Court:                          Marin County Superior Court


Trial Judge:                          Hon. Paul M. Haakenson


Plaintiff and Appellant in pro         Michele Lee
per:


Counsel for Defendants and             Xavier Becerra
Respondents:                           Attorney General of California
                                       Johnathan Wolff
                                       Chief Assistant Attorney General
                                       Danielle F. O'Bannon
                                       Supervising Deputy Attorney General
                                       Rosailda Perez
                                       Deputy Attorney General
                                       Robert Sandoval
                                       Deputy Attorney General