Filed 1/18/17  Certified for publication 1/25/17  (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MIGUEL LEYVA et al., | D069756 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2014-00011334-CU-PO-CTL) |
| CROCKETT & COMPANY, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Law Office of Cindy A. Brand and Cindy Ann Brand, for Plaintiffs and Appellants.

Thomas E. Montgomery, County Counsel, and Erica R. Cortez, Deputy County Counsel, for Defendant and Respondent.

INTRODUCTION

In 2013, a golf ball struck Miguel Leyva (Miguel) in the eye while he and his wife, Socorro Leyva, (collectively the Leyvas) walked along a public path adjacent to the Bonita Golf Club (the Club). The Leyvas appeal a summary judgment entered in favor of Crockett and Company, Inc. (Crockett), the owner and operator of the Club. The Leyvas contend Crockett was not entitled to summary judgment because the immunities designated in Government Code section 831.4[1] and Civil Code section 846 do not apply to their tort claims. We conclude section 831.4 bars their action and we affirm the judgment.

BACKGROUND

A

*Underlying Facts*

In 2009, Crockett granted the County of San Diego (County) two public easements for a public unpaved recreational hiking and equestrian trail, which runs parallel to the golf course. A chain-link fence approximately six feet high and a line of eucalyptus trees spread eight to 12 feet apart separate the trail from the golf course in the area of the 13th hole. There are no warning signs on the fence along the trail side of the 13th hole indicating golf is being played on the golf course.

---

[1]     All further statutory references are to the Government Code unless otherwise indicated.

2

In 2013, as the Leyvas were walking on the trail adjacent to the 13th hole, a stray golf ball struck Miguel in the eye. As a result of his injury, Miguel lost 80 percent of his vision in his left eye and has a permanently sunken left orbital wall.

Crockett stated the fencing along the 13th hole serves as a property boundary rather than a barrier for stray golf balls. Prior to this incident, the Club had not received reports of anyone who had been hit by a golf ball while walking on the trail behind the 13th hole.[2]

B

*Procedural History*

The Leyvas sued Crockett[3] for (1) negligence, (2) unsafe condition of property, (3) failure to warn, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, and (6) negligent infliction of emotional distress for bystanders.

Crockett moved for summary judgment arguing the action was barred under two different theories: trail immunity under section 831.4 and recreational use immunity under Civil Code section 846. The superior court granted summary judgment for Crockett based on the trail immunity.

---

[2] After the incident, the Club spent $14,000 to increase the height of the fencing along the 10th hole from six feet to 12 feet, but the Club has not assessed whether to raise the fencing along the 13th hole.

[3] The Leyvas initially named the County as a defendant, but subsequently dismissed the County from the suit and filed a first amended complaint.

DISCUSSION

I

*Standard of Review*

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) A motion for summary judgment "should be granted if no triable issue exists as to any material fact and the defendant is entitled to a judgment as a matter of law." (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002–1003, citing Code Civ. Proc., § 437c, subd. (c).) "In performing our de novo review, we view the evidence in the light most favorable to plaintiffs as the losing parties." (*Wiener v. Southcoast Childcare Centers, Inc.* (2003) 32 Cal.4th 1138, 1142.) "[W]e liberally construe plaintiffs' evidentiary submissions and strictly scrutinize defendant's own evidence, in order to resolve any evidentiary doubts or ambiguities in plaintiffs' favor." (*Ibid*.)

"We are not bound by the issues actually decided by the trial court. 'The appellate court should affirm the judgment of the trial court if it is correct on any theory of law applicable to the case, including but not limited to the theory adopted by the trial court, providing the facts are undisputed. [Citations.] Thus we must affirm so long as any of the grounds urged by [defendants], either here or in the trial court, entitle [them] to summary judgment.' " (*Schmidt v. Bank of American, N.A.* (2014) 223 Cal.App.4th 1489, 1498.)

## II

### *Analysis*

The Leyvas contend the trail immunity does not apply to Crockett because Miguel's injury was not caused by a condition of the trail, but by Crockett's failure to erect safety barriers on the 13th hole of the golf course to stop golf balls flying onto the trail. We disagree.

Section 831.4 provides in relevant part, "A public entity … *or a grantor of a public easement to a public entity* for any of the following purposes, is not liable for an injury caused by a condition of: [¶] (a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways. [¶] (b) Any trail used for the above purposes." (§ 831.4, subds. (a) & (b), italics added.) "This immunity is afforded 'to encourage public entities to open their property for public recreational use, because "the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use." ' " (*Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1078 (*Amberger-Warren*), citing *Armenio v. County of San Mateo* (1994) 28 Cal.App.4th 413, 417.)

"[T]o fulfill its purpose, trail immunity must extend to claims arising from the design of a trail, as well as its maintenance." (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1084; see *Prokop v. City of Los Angeles* (2007) 150 Cal.App.4th 1332, 1341–1342 (*Prokop*).) "[L]ocation, no less than design, is an integral feature of a trail, and both must be immunized for the same reasons." (*Amberger-Warren*, at p. 1085.) This immunity is absolute. (*Armenio v. County of San Mateo*, *supra*, 28 Cal.App.4th at p. 416.)

Crockett as a grantor of a public easement to a public entity for a recreational purpose, falls within the scope of the trail immunity statute.[4] However, the Leyvas contend the trail's location next to the golf course "has nothing to do with the fact that [Miguel] was injured by a golf ball from the Club property," and the golf course's lack of safety barriers on the 13th hole is not a faulty design or condition of the trail. We disagree and find the analysis of *Amberger-Warren, supra*, 143 Cal.App.4th 1074 and *Prokop, supra*, 150 Cal.App.4th 1332 persuasive.

In *Amberger-Warren*, the plaintiff slipped and fell on a pathway in a public dog park in the City of Piedmont. (*Amberger-Warren, supra,* 143 Cal.App.4th at p. 1077.) The trial court granted summary judgment for the city pursuant to section 831.4, and the plaintiff appealed, arguing, in part, trail immunity did not apply because the accident was caused by conditions " 'unrelated' " to the trail. (*Ibid.*) Two of these alleged "unrelated" conditions included the city's failure to install a guardrail where the accident occurred and the trail's dangerous location next to a slope where people could fall. (*Id.* at p. 1083.)

---

4    The parties do not dispute the recreational purpose of the trail.

The court rejected both arguments and held trail immunity "must" extend to a trail's design and location. (*Id*. at pp. 1084–1085.) The court reasoned, "[t]o accept plaintiff's argument would be to require installation of handrails or other safety devices on trails, or relocation of trails, whenever the surroundings could otherwise be considered unreasonably dangerous," and "[t]he likely and unacceptable result" would be the closure of many public trails. (*Id*. at p. 1085.)

In *Prokop*, the plaintiff sued the City of Los Angeles after he suffered injuries while bicycling on a public bikeway designed by the city. (*Prokop, supra,* 150 Cal.App.4th at p. 1335.) While cycling off the bikeway, the plaintiff ignored messages painted on the pavement that said "WALK BIKE" and he collided with a chain link fence. (*Ibid*.) The trial court granted summary judgment for the defendant, finding the city was immune under section 831.4. (*Prokop*, at p. 1336.) The plaintiff appealed, arguing, in part, his injury was caused by the design of the bicycle gate rather than the condition of the bikeway. (*Id*. at p. 1341.) The court rejected this argument and followed *Amberger-Warren*, holding the " 'condition' of" the bikeway included the design of the bicycle gate. (*Prokop*, at pp. 1341–1342.) The court also rejected the plaintiff's argument that trail immunity did not apply because the accident did not occur on the bikeway itself, and it stated the "gateway to or from a bike path is patently an integral part of the bike path." (*Id*. at p. 1342, citing *Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1085.)

Here, the Leyvas are incorrect to argue the location of the trail next to the golf course is unrelated to Miguel's injuries: Miguel would not have been struck by the golf

ball if he had not been walking on a trail located next to the golf course. Just as the trail's location next to a hill in *Amberger-Warren, supra*, 143 Cal.App.4th 1074 is an integral feature of the trail, so is the trail's location next to the golf course. Further, it makes no difference whether the alleged negligence in failing to erect safety barriers along the boundary between the golf course and the trail occurred on the golf course or on the trail itself because the effect is the same.

Additionally, the erection of a safety barrier on the boundary of the golf course is equivalent to the installation of a handrail in *Amberger-Warren*. In that case, the court observed, "[w]e presume that there are many miles of public trails on slopes in this state that could be made safer with handrails, and that handrails would perhaps enhance the safety of all trails, wherever located, that bear pedestrian traffic. But to require installation of handrails along every public trail where it might be reasonably prudent to do so would greatly undermine the immunity's objective of encouraging access to recreational areas . . . ." (*Amberger-Warren*, *supra*, 143 Cal.App.4th at pp. 1084–1085.) Similarly, public pathways along golf courses certainly could be made safer by cordoning off or erecting high barriers between the golf courses and trails. However, setting aside how the aesthetics of such barriers could mar the recreational experience for trail users, the burden and expense of erecting barriers to make recreational trails entirely safe from errant golf balls would chill private landowners, such as Crockett, from granting public easements to public entities along golf courses, resulting in closure of such areas to public use. (*Id*. at p. 1085.) As the *Amberger-Warren* court noted, "we would like to live in a world of resources sufficient to guarantee reasonable safety at all times, [but] 'users

8

of recreational trails or bike paths generally understand the risk of injury inherent in the use of such pedestrian ways,' and recognize that ' "[a] large portion of the activities comprising modern public park and recreation programs … might well be curtailed, deferred or even completely eliminated if the risk of tort liability were to impose unduly large obligations.' " (*Ibid.*)

Crockett as a grantor of a public easement to a public entity is absolutely immune from liability under section 831.4 arising from injuries caused by conditions of the trail, *including* injuries arising from the trail's location and design. Accordingly, we conclude the trial court properly granted Crockett's motion for summary judgment on the grounds the Leyvas complaint is barred by trail immunity provided in section 831.4. Given this conclusion, we need not decide whether the immunity under Civil Code section 846 applies.

DISPOSITION

The judgment is affirmed. The respondent is awarded its costs on appeal.


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


IRION, J.

9

Filed 1/25/17

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MIGUEL LEYVA et al., | D069756 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2014-00011334-CU-PO-CTL) |
| CROCKETT & COMPANY, INC., | |
| Defendant and Respondent. | ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed January 18, 2017, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to:  All parties

2