Filed 7/27/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LORIN TOEPPE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SAN DIEGO, <br><br> Defendant and Respondent. | D069662 <br><br> (Super. Ct. No. 37-2014-00004836-<br>CU-PO-CTL ) |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge. Reversed and remanded.

Balaban & Spielberger, Daniel K. Balaban, Andrew J. Spielberger; Greene, Broillet & Wheeler, Browne Greene; Esner, Chang & Boyer, Holly N. Boyer, Joseph S. Persoff and Shea S. Murphy for Plaintiff and Appellant.

Mara W. Elliott, City Attorney and George F. Schaefer, Assistant City Attorney, for Defendant and Respondent.

A tree branch fell on Lorin Toeppe while she and her boyfriend were walking through Mission Bay Park. She filed suit against the City of San Diego (City) alleging the existence of a dangerous condition on public property, namely a negligently maintained eucalyptus tree. The City prevailed on summary judgment, arguing that

Toeppe was struck by the tree branch while standing on a trail; thus, the City could not be liable under Government Code[1] section 831.4 (trail immunity).

Toeppe appeals the ensuing final judgment following the City's successful motion for summary judgment. Toeppe's challenge to the judgment is two-fold. First, she asserts trail immunity does not apply under the facts of this case. To this end, Toeppe emphasizes that her claim of a dangerous condition is based on a negligently maintained eucalyptus tree, not the condition of the trail passing through the park. Second, she contends even if trail immunity does apply, a disputed issue of material fact exists as to where she was located when the branch struck her. We agree with her on both grounds. Toeppe's claim in this case does not give rise to trail immunity. In addition, there was a disputed issue of material fact as to where she was when the branch struck her. Thus, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Mission Bay Park is the largest man-made aquatic park in the country. The park offers many recreational activities, including paths for walking and jogging and playgrounds for children. Mission Bay Park is a popular destination to picnic and enjoy the ocean. The trees at Mission Bay Park were either planted when the park was being constructed or are the offspring of the original planted trees.

While Toeppe was walking through Mission Bay Park with her boyfriend, a branch fell off a eucalyptus tree and struck her.[2] Toeppe sustained serious injuries.

---

[1]     Statutory references are to the Government Code unless otherwise specified.

Toeppe made a claim of public liability against the City, stating she was injured when "a large eucalyptus tree located on property owned, controlled, and maintained by the" City fell on her. The City took no action on Toeppe's claim; thus, it was deemed denied by operation of law. (§ 912.4.) Toeppe then sued the City in superior court, alleging a single cause of action for dangerous condition of public property. In her complaint, Toeppe averred that the City negligently maintained the eucalyptus tree, creating a dangerous condition. That condition resulted in a large branch from the tree striking and injuring Toeppe.

The City answered the complaint and then moved for summary judgment. The focus of the City's motion was that the City was immune from liability under section 831.4 because Toeppe was on a trail when she was injured. Toeppe opposed the motion, arguing section 831.4 did not apply. After considering the motion, opposition, and evidence as well as entertaining oral argument, the superior court granted the motion, finding the City was immune from liability under section 831.4. The court then entered a final judgment in favor of the City.

Toeppe subsequently brought a motion for new trial. In that motion, Toeppe argued the court erred in granting summary judgment because a material issue of fact existed on causation. In addition, Toeppe repeated her argument that section 831.4 was not applicable. Toeppe also offered evidence that she obtained after the summary

2      Where Toeppe was standing at the time she was hit is a disputed matter that we discuss below.

3

judgment hearing, which included information about contracts between the City and private tree trimming companies.[3]

The court denied Toeppe's motion for a new trial, affirming that summary judgment was appropriate. The court further explained why it believed section 831.4 applied:

> "The evidence shows the injuries to [Toeppe] were caused when she was walking on the trail. Although it is disputed whether she was actually on the physical paved trail or just off of it, [Toeppe's] contention is that the trail immunity does not apply to the other condition (failure to adequately maintain a tree next to the trail). [¶] Even if a trier of fact could find that the tree's condition was a dangerous condition - and that it substantially contributed to the accident, it does not create liability to fulfill its purpose, the immunity should apply to the tree (and its condition) because of the location of the tree to the trail."

Toeppe timely appealed the judgment as well as "all subsequent orders entered thereafter including the order denying new trial."[4]

## DISCUSSION

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition

---

[3]    Essentially, Toeppe used the motion for new trial to reargue her opposition to the City's motion for summary judgment.

[4]    Toeppe discusses her motion for new trial in the opening brief. However, she does not specifically discuss any error associated with the trial court's order denying that motion. We thus find any challenge to the order denying the motion for new trial waived because of the absence of any argument, authority, or citation to the record in support of such a challenge. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived."].)

4

papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) A motion for summary judgment "should be granted if no triable issue exists as to any material fact and the defendant is entitled to a judgment as a matter of law." (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003, citing Code Civ. Proc., § 437c, subd. (c).) "In performing our de novo review, we view the evidence in the light most favorable to plaintiffs as the losing parties." (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) "[W]e liberally construe plaintiffs' evidentiary submissions and strictly scrutinize defendant's own evidence, in order to resolve any evidentiary doubts or ambiguities in plaintiffs' favor." (*Ibid.*)

Toeppe's complaint alleges a single cause of action for dangerous condition of public property. A dangerous condition of public property "means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) The elements for that cause of action are: "(1) a dangerous condition of public property; (2) a foreseeable risk, arising from the dangerous condition, of the kind of injury the plaintiff suffered; (3) actionable conduct in connection with the condition, i.e., either negligence on the part of a public employee in creating it, or failure by the entity to correct it after notice of its existence and dangerousness; (4) a causal relationship between the dangerous condition and the plaintiff's injuries; and (5) compensable damage sustained by the plaintiff." (*Cole v. Town of Los Gatos* (2012) 205 Cal.App.4th 749, 757-758; § 835.)

5

Toeppe avers the City managed and maintained both Mission Bay Park and the trees within it, including the subject eucalyptus tree whose branch fell on her. Toeppe claims that between 2004 and 2013, a City employee actively and negligently trimmed the tree's branches, removing low hanging and hazardous branches. According to Toeppe, the City created and was aware of a dangerous condition on public property, namely the negligently maintained branches of the eucalyptus tree. As such, Toeppe alleges the City is liable for the harm caused by the falling branch.

The City maintains it is entitled to summary judgment under trail immunity per section 831.4. Subdivisions (a) and (b) of that section provide:

> "A public entity . . . is not liable for an injury caused by a condition of: [¶] (a) Any unpaved road which provides access to fishing, hunting, camping, hiking, riding, including animal and all types of vehicular riding, water sports, recreational or scenic areas and which is not a (1) city street or highway or (2) county, state or federal highway or (3) public street or highway of a joint highway district, boulevard district, bridge and highway district or similar district formed for the improvement or building of public streets or highways. [¶] (b) Any trail used for the above purposes."

"This immunity is afforded 'to encourage public entities to open their property for public recreational use, because "the burden and expense of putting such property in a safe condition and the expense of defending claims for injuries would probably cause many public entities to close such areas to public use." ' [Citation.] The trail immunity provided in subdivision (b) of the statute extends to trails that are used for the activities listed in subdivision (a), and to trails that are used solely for access to such activities. [Citation.] The immunity applies whether or not the trail is paved." (*Amberger-Warren v. City of Piedmont* (2006) 143 Cal.App.4th 1074, 1078 (*Amberger-Warren*).)

6

The parties agree that the paved trail that runs through Mission Bay Park constitutes a trail under section 831.4. However, Toeppe emphasizes that she is not basing her claim on a condition of the trail. Instead, she argues that the negligently maintained eucalyptus tree was the dangerous condition giving rise to the City's liability and her damages. The City counters that Toeppe was on the trail when she was struck by the branch and the dangerous condition at issue here is connected to the trail. In support of its position, the City urges us to follow *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074 and *Leyva v. Crockett & Co., Inc.* (2017) 7 Cal.App.5th 1105 (*Leyva*).

In *Amberger-Warren*, the plaintiff slipped and fell on a pathway in a public dog park in the City of Piedmont. To avoid going down the hill, she grabbed an exposed cement edge as she fell, and injured her hand. (*Amberger-Warren*, *supra*, 143 Cal.App.4th at pp. 1077-1078.) The superior court granted summary judgment for Piedmont under section 831.4, and the plaintiff appealed, arguing, in part, trail immunity did not apply because the accident was caused by conditions " 'unrelated' " to the trail. (*Id.* at p. 1077.) Two of these alleged "unrelated" conditions included Piedmont's failure to install a handrail where the accident occurred and the trail's dangerous location next to a hill where people could fall. (*Id*. at p. 1083.) The court rejected both arguments and held trail immunity "must" extend to a trail's design and location. (*Id*. at pp. 1084-1085.) The court reasoned, "[t]o accept plaintiff's argument would be to require installation of handrails or other safety devices on trails, or relocation of trails, whenever the surroundings could otherwise be considered unreasonably dangerous." (*Id*. at p. 1085.) In rejecting the plaintiff's argument that the hill by the trail was a dangerous condition

7

warranting liability for Piedmont, the court determined "this condition is not unrelated to the trail because the trail is what provides access to the hill and exposure to the alleged danger." (*Ibid.*) The court observed that if it accepted the plaintiff's arguments, "[t]he likely and unacceptable result" would be the closure of many public trails. (*Ibid.*)

Below, the superior court found the instant matter analogous to *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074. The court explained:

> "As discussed in the motion for summary judgment, in the *Amberger-Warren* case, Plaintiff argued the hill next to (or under) the trail was a dangerous condition that was unrelated to the trail. Here, [Toeppe] argues the dangerous tree near the trail is unrelated to the trail. In *Amberger-Warren*, the Court disagreed it was unrelated 'because the trail is what provides access to the hill and exposure to the alleged danger.' The Court interpreted the argument as contending the trail was situated in a dangerous location. Like that case, here the trail was located close to a tree, making the trail dangerous because of its location. As the court found in *Amberger-Warren* at page 1085, 'location, no less than design, is an integral feature of a trail.' "

The City maintains the superior court's interpretation of *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074 is correct. We disagree.

The path in *Amberger-Warren* is very different from the trail here. In determining that the path qualified as a trail under section 831.4, the appellate court observed that the path was "designed and used" to bring "a dog to an unleashed area of a dog park[.]" (*Amberger-Warren*, *supra*, 143 Cal.App.4th at p. 1079.) The court reasoned that the alleged dangerous condition (i.e., the hill) could not be separated from the subject path because the path "provide[d] access to the hill and exposure to the alleged danger." (*Id.* at p. 1085.) Based on the court's description of the path in relation to the hill, it appears

8

that the path crossed over the hill.  Thus, anyone using the path to access the dog park, had to walk on the hill (or at least right by it).  In other words, the dangerous condition could not be avoided if a person used the path for its designed purpose, to get to the dog park.  In contrast, as the City concedes, the trail here did not provide the only access to the dangerous condition, the alleged negligently maintained eucalyptus tree.  Further, pictures in the record of Mission Bay Park show a paved trail through the park near several eucalyptus trees.  However, there are picnic tables, benches, and trash cans off the trail, near the eucalyptus trees as well.  Additionally, a person can be seen walking on the grass well off the trail, close to a large eucalyptus tree.  Against this foundation, it is apparent that Toeppe did not have to use the trail to find herself near a eucalyptus tree.  She could have walked across the grass or sat at a picnic table near a tree.  Simply put, unlike the dangerous condition of a hill in *Amberger-Warren* that could not be separated from the subject path, here, the dangerous condition (a negligently maintained eucalyptus tree) is independent of the trail through Mission Bay Park.  It is possible for a visitor to the park to be injured by a falling tree whether she used the trail or simply walked across the grass and was struck by a falling branch.[5]  This is a fundamental difference between the trail here and the one in *Amberger-Warren*.

---

[5]     During oral argument, the City admitted that perhaps trail immunity would not protect the City if a park visitor, who did not use the trail in Mission Bay Park to reach a eucalyptus tree, was struck by a falling tree branch.  The City, however, argued trail immunity would apply if a visitor was struck by a falling tree branch while standing on the trail or after using the trail to walk to the location where she was hit.  We find no support for such an arbitrary use of trail immunity.  The dangerous condition in these three hypotheticals remains the negligently maintained eucalyptus tree.  The subject trail

Also, the dangerous condition alleged here differs greatly from the dangerous conditions the court addressed in *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074. In that case, two of the dangerous conditions were the lack of handrails on the path and the hill on which the path crossed. The court found Piedmont immune under section 831.4 for the design of the subject path (the lack of handrails). The court was concerned about the " ' "burden and expense" ' " of requiring a city to improve the path's design. In addition, the court noted that such a requirement would undermine the purpose of section 831.4. (See *Amberger-Warren*, *supra*, at p. 1085.) Here, the dangerous condition does not require the City to improve the trail or alter its design whatsoever. Toeppe has not alleged that a safety barrier needs to be added to the trail or that the trail must follow a different path. Indeed, Toeppe's claim of a dangerous condition does not involve the trail whatsoever.

In addition, the eucalyptus tree in the instant matter is not the same as the hill in *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074. In *Amberger-Warren*, the path appeared to cross the hill. (*Id.* at p. 1085.) There is no indication that Piedmont was maintaining that hill or created the hill (e.g., by grading or other means). The hill was simply a natural condition of the area and the path was constructed on or near it. Here, evidence was offered that the eucalyptus tree was not part of the trail, with the tree's base 25 feet from the edge of the trail. Also, Mission Bay Park is man-made and the trees in

plays no role in the danger presented to a visitor. Under each of these scenarios, the visitor was not harmed because of the trail's condition. We see no reason to apply trail immunity in any of these instances. Further, the City offered no compelling rationale to expand trail immunity to address dangerous conditions on public property that are unrelated to a trail.

10

the park, like the subject eucalyptus tree, were not naturally occurring in that area.

Instead, they were planted when the park was created.[6]  And the City maintained the

trees in Mission Bay Park.  Against this background, we conclude the hill in *Amberger-Warren* differs from the eucalyptus tree in Mission Bay Park.

For these reasons, we determine that the instant matter is not analogous to

*Amberger-Warren*, *supra*, 143 Cal.App.4th 1074.  Accordingly, we conclude that case

does not support the application of trail immunity to Toeppe's claim.

The City also contends that *Leyva*, *supra*, 7 Cal.App.5th 1105 mandates the use of

trail immunity here.  We are not persuaded.

In *Leyva*, the plaintiffs (husband and wife) were walking on a public trail adjacent

to a golf course.  A six-foot-high chain-link fence and a line of eucalyptus trees spread

eight to 12 feet apart separated the trail from the golf course where the plaintiffs were

walking.  A stray golf ball struck the husband plaintiff in the eye, seriously injuring him.

(*Leyva*, *supra*, 7 Cal.App.5th at p. 1107.)  The plaintiffs sued the owner of the golf

course.[7]  The defendant moved for summary judgment, arguing, among other things, trail

---

[6]     Evidence was proffered that some of the trees may be volunteers.  A volunteer grows from the seeds of existing trees.

[7]     The owner had granted the County of San Diego an easement for a public unpaved recreational and equestrian trail.  The plaintiffs were on this trail when the husband was hit with a golf ball.  (*Leyva*, *supra*, 7 Cal.App.5th at p. 1107)

11

immunity applied.[8]  The superior court granted summary judgment based on that defense.  (*Id.* at p. 1108.)

On appeal, the plaintiffs argued section 831.4 did not apply because the husband's injury was not caused by a condition of the trail, but by the defendant's failure to erect safety barriers to stop golf balls flying onto the trail.  (*Leyva*, *supra*, 7 Cal.App.5th at p. 1109.)  Following *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074, we rejected the plaintiffs' argument.  We explained:

> "Here, the [plaintiffs] are incorrect to argue the location of the trail next to the golf course is unrelated to [the husband's] injuries:  [the husband] would not have been struck by the golf ball if he had not been walking on a trail located next to the golf course.  Just as the trail's location next to a hill in *Amberger-Warren*, *supra*, 143 Cal.App.4th 1074, is an integral feature of the trail, so is the trail's location next to the golf course.  Further, it makes no difference whether the alleged negligence in failing to erect safety barriers along the boundary between the golf course and the trail occurred on the golf course or on the trail itself because the effect is the same."  (*Leyva*, *supra*, at 7 Cal.App.5th at pp. 1110-1111.)

In addition, we concluded "the erection of a safety barrier on the boundary of the golf course is equivalent to the installation of a handrail in *Amberger-Warren*."  (*Leyva*, *supra*, 7 Cal.App.5th at p. 1111.)  Therefore, following the reasoning of the court in *Amberger-Warren*, *supra*, 143 Cal.App.4th at pages 1084 to 1085, we explained why the requirement that a safety barrier be constructed would undermine the purpose of section 831.4.  (*Leyva*, *supra*, at p. 1111.)

---

8    The defendant as a grantor of a public easement to a public entity for a recreational purpose falls within the scope of the trail immunity statute.  (*Leyva*, *supra*, 7 Cal.App.5th at p. 1110.)

Like *Amberger-Warren, supra,* 143 Cal.App.4th 1074, we find *Leyva*, *supra*, 7 Cal.App.5th 1105 distinguishable from the instant matter. The key to our conclusion in *Leyva* was the fact that the husband plaintiff was walking on the trail next to the golf course when he was struck by the golf ball. (*Id.* at pp. 1110-1111.) In other words, the condition of the golf course could not be dangerous but for the location of the trail next to it. The same cannot be said about the eucalyptus tree here. If that tree was negligently maintained, it was a dangerous condition regardless of the location of the subject trail. It is undisputed that visitors to Mission Bay Park need not walk on the trail to access the eucalyptus trees. Thus, visitors can picnic under a tree or simply walk on the grass directly to a eucalyptus tree. In doing so, visitors would be exposed to the dangerous condition without ever using the trail. If any of those visitors were struck by a falling tree branch, trail immunity would not bar the City's liability.[9]

In addition, the plaintiffs in *Leyva, supra,* 7 Cal.App.5th 1105 claimed the lack of any safety barriers to prevent golf balls from striking walkers on the trail created a dangerous condition. Here, Toeppe is not claiming the trail through Mission Bay Park lacked safety barriers or should have been designed differently. For this reason as well, we find *Leyva* not helpful to the City's argument.[10]

---

[9]   Again, during oral argument, the City all but conceded this issue. That said, it did not concede the City would be liable for Toeppe's injuries even if trail immunity did not apply. Because the application of trail immunity is the only issue before us, we do not consider any other issue bearing on liability (e.g., assumption of the risk or notice).

[10]   In *Leyva*, we also were concerned that liability in that case would discourage private landowners from granting easements for public use. (See *Leyva, supra*, 7 Cal.App.5th at p. 1111.) We are not worried about that in this matter.

In short, this is not a case about trails. It is about trees. Trees that were planted and maintained by the City. Trees that were not naturally occurring in Mission Bay Park. This is not a case where Toeppe was injured walking on a City trail in a naturally occurring forest. This is not a case where Toeppe had to walk on a trail to reach a dangerous condition or a dangerous condition was part of the design of the trail. Instead, Toeppe was injured when a tree branch struck her. She maintains the branch fell on her because the City was negligent in maintaining the eucalyptus trees in the park. There are no allegations that she was harmed based on a condition of the trail. There are no allegations that she was injured because of the location or design of the trail. On the record before us, we find no basis on which to apply trail immunity.

In addition, even if we were to assume trail immunity applied in the instant matter, we nevertheless would conclude summary judgment inappropriate. Essential to the City's argument is its claim that Toeppe was struck while she was on the paved trail that runs through Mission Bay Park. To this end, the City offered deposition testimony from Toeppe's boyfriend, Timothy Strong. Strong testified:

> "We were walking beneath that tree and heading north on the concrete pathway. Two kids on skateboards came between us. We stopped briefly. [¶] As we stopped, I heard this cracking sound from above. I ran to the left. Because we were separated, I couldn't pull her with me, but I ran to the left. And I thought she moved, but I wasn't sure. And the tree then landed on both of us. We both knocked down on our face."

At his deposition, Strong also marked where Toeppe and he were standing at the time the tree branch struck them. The City offered this exhibit in support of its motion for summary judgment as well. In addition, the City submitted declarations from

14

multiple third party eye witnesses who declared Toeppe was on the paved trail when the branch struck her. The City also filed a declaration from a paramedic who treated Toeppe after she was injured. The paramedic declared that Toeppe told him that she was walking on the paved trail and did not remember what had happened to her. Finally, the City submitted two newspaper articles that quoted Toeppe as saying she was struck by a branch while "walking with her boyfriend on the Mission Bay bike path."

In opposing the motion for summary judgment, Toeppe offered evidence, by way of her declaration, that she "was on the grass area in Mission Bay Park when a eucalyptus tree branch fell and injured [her]." Further, Toeppe declared she "was not on the cement path when the tree branch hit [her]."[11] In addition, Toeppe presented evidence that the base of the tree was about 25 feet away from the paved trail. Although the parties do not point to any specific evidence that discusses the length of the branch that struck Toeppe, the City relied on a newspaper article that stated the branch was 10 feet long. If that measurement is accurate, it could put the falling branch some 15 feet from the paved trail.

Toeppe also offered a declaration from a "safety and liability expert" who opined that, based on the "documentation and other data related to the case[,]" Toeppe "most likely" was standing off the paved path and on the grass when the falling branch struck her.

---

[11]  Toeppe also submitted a declaration from a third party witness who stated the tree branch struck Toeppe "while on the grass." The court sustained the City's objection to that portion of the third party's declaration. On appeal, Toeppe does not argue this ruling was improper. We therefore do not consider this portion of the subject declaration.

The evidence provided by Toeppe is sufficient to create a disputed issue of material fact regarding where she was standing when the branch struck her. Indeed, the court acknowledged it was disputed whether Toeppe was on the paved trail when she was injured. Because of this disputed material fact, summary judgment was improper for this reason as well.

Finally, we are not persuaded by the City's argument that finding trail immunity does not apply here could result in the closing of City parks in which trees exist. Although it might be prudent for the City to evaluate its maintenance of trees in its parks, we do not foresee several park closures based on this opinion. Here, we merely conclude trail immunity is not applicable based on Toeppe's allegations and the evidence submitted in support of and in opposition to the City's motion for summary judgment. This case does not establish that the City is liable for Toeppe's injuries.

## DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion. Toeppe is entitled to her costs on appeal.

16

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

DATO, J.