Filed 5/18/22  DeLeon v. Hot Doggers Tours CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NATIVIDAD DELEON,<br><br>   Plaintiff and Appellant,<br><br>   v.<br><br>HOT DOGGERS TOURS, INC.,<br><br>   Defendant and Respondent. | D078984<br><br><br>(Super. Ct. No. 37-2019-00018412-CU-PA-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Reversed.

South Coast Trial Lawyers, Jonathan Kwan; Law Office of Martin N. Buchanan, Martin N. Buchanan; Niddrie Addams Fuller Singh and Rupa G. Singh for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Ernest Slome; Cahill & Associates, Sean T. Cahill, and Jeffrey E. Flynn for Defendant and Respondent.


Natividad DeLeon sustained injuries when the charter bus she was riding in took evasive action to avoid a head-on collision and she was thrown

from her seat into the bus's front stairwell. She brought suit against the company that owned the bus, Hot Doggers Tours, Inc. (HDT), and the owner of the truck that veered toward the bus. Before trial, HDT moved for summary judgment, which the court granted. On appeal, DeLeon argues the court erred by granting the motion because triable issues of fact remained as to whether HDT's failure to instruct passengers to wear their seatbelt was negligent and, if so, whether that negligence contributed to DeLeon's injuries. We agree with DeLeon that triable questions of fact remain and, thus, reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

HDT is a charter bus operator that was hired by Valley View Casino to transport people to its casino from around Southern California. On October 22, 2018, an HDT charter bus was traveling from the casino westbound on West Lilac Road in San Diego County. A truck coming in the opposite direction on the winding two-lane road crossed over the double-yellow line into the westbound lane, causing the bus driver to brake abruptly and swerve to avoid a collision. A forward facing camera mounted on the bus's windshield captured 15 seconds of the incident and showed the truck partially crossing into the westbound lane in front of the bus.

DeLeon was seated in the first row of the bus on the passenger side, in the seat closest to the aisle. DeLeon was not wearing a seatbelt, and when the bus driver took the evasive action, DeLeon was thrown into the front stairwell and hit her head on the floor. In her deposition, DeLeon stated she was not wearing a seatbelt because she did not see one when she boarded the bus. She testified that if she had seen a seatbelt, she would have worn it. The passenger seated next to DeLeon also did not recall seeing seatbelts on the bus that day. The accident report of the Emergency Medical Technician

2

(EMT), who responded to the incident, checked "none" under "occupant safety equipment" and in his deposition testified he did not recall seeing a seatbelt where DeLeon was sitting.

The parties agree that had DeLeon been wearing a seatbelt at the time of the incident, she would not have been thrown from her seat. An undated photo submitted by HDT in support of its motion for summary judgment showed the seat where DeLeon was sitting with a seatbelt buckled across it. The bus driver also submitted a declaration stating that each seat in the bus had been equipped with a seatbelt on the date of the incident.

The driver testified in his deposition that he was not trained to require or instruct passengers to wear seatbelts. He stated it was his usual practice to tell passengers to wear seatbelts, especially students. However, he did not tell the passengers the day of the incident to put their seatbelts on.

After the incident, DeLeon filed the instant lawsuit. In her complaint, she asserted one cause of action against both defendants for negligence. She alleged both the driver of the truck and the bus driver drove negligently, and that HDT "negligently failed to provide the driver of the bus with reasonable training and supervision." She further alleged the defendants "negligently, recklessly, and carelessly maintained, entrusted and operated their vehicles so as to cause the subject accident." DeLeon asserted she suffered severe injuries, resulting in medical costs and other expenses.

After discovery, HDT moved for summary judgment. It argued judgment in its favor was required because (1) the sudden emergency doctrine defeated DeLeon's negligence claim, (2) DeLeon's failure to wear a seatbelt was a complete defense to her negligence claim, and (3) HDT's conduct was not a substantial factor causing harm to DeLeon. With respect to the seatbelt, HDT asserted that DeLeon admitted through her responses to

3

HDT's Requests for Admissions that she would not have been injured if she had been wearing the seatbelt.

In opposition to the motion, DeLeon argued the sudden emergency doctrine and the fact she was not wearing a seatbelt did not defeat her claim because HDT's negligence included its failure to comply with Vehicle Code sections 34505.8, subdivision (a) and 27318, subdivision (h).[1] DeLeon argued that under those provisions, before departing the casino, HDT was required to post signs or make an announcement that seatbelts were provided on the bus and failed to do so. In support of her argument, DeLeon submitted the declaration of a bus safety expert who opined that HDT's noncompliance with the Vehicle Code fell below the standard of care required of a bus operator.

---

[1] Vehicle Code section 34505.8, subdivision (a), which took effect July 1, 2018, states, in relevant part: "A charter-party carrier of passengers engaged in charter bus transportation shall ensure that the driver of a vehicle … that is designed to carry 39 or more passengers shall instruct or play a video for all passengers on the safety equipment and emergency exits on the vehicle prior to the beginning of any trip and provide each passenger with written or video instructions that include, at a minimum, a demonstration of the location and operation of all exits, including emergency exits, the requirement to wear a seatbelt, if available, and that not wearing a seatbelt is punishable by a fine."

Under Vehicle Code section 27318, subdivision (h), which also took effect on July 1, 2018, "A motor carrier operating a bus equipped with safety belts shall do one of the following: [¶] (1) Require the bus driver, before departure of a bus carrying passengers, to inform passengers of the requirement to wear the seatbelt under California law and inform passengers that not wearing a seatbelt is punishable by a fine. [¶] (2) Post, or allow to be posted, signs or placards that inform passengers of the requirement to wear a seatbelt under California law and that not wearing a seatbelt is punishable by a fine. The signs or placards shall be in a font type and font size that is reasonably easy to read and shall be affixed to a bus in multiple, conspicuous locations."

4

In reply, HDT argued that DeLeon's opposition conceded the application of the sudden emergency doctrine. HDT also argued that DeLeon's expert agreed DeLeon had an independent duty to wear the seatbelt that was provided and that she failed to do so, and that the expert's opinion that the bus driver's failure to instruct passengers to put on their seat belts did not create a triable issue of fact. HDT also filed objections to DeLeon's expert's declaration on various evidentiary grounds.

After the hearing, the court issued a minute order granting HDT's motion for summary judgment. The court concluded the driver's evasive action was "subject to the sudden emergency/imminent peril affirmative defense," and that the photograph of the bus seat's seatbelt, showing it's obvious availability, negated any assertion that the driver's failure to advise the passengers to buckle up was a substantial factor in causing DeLeon's injuries. The court also overruled HDT's objections to the plaintiff's expert declaration, finding HDT failed to comply with California Rule of Court 3.1354. Thereafter, the court entered judgment in favor of HDT and DeLeon timely appealed.

## DISCUSSION

DeLeon argues the court erred by finding HDT was entitled to summary judgement based on its affirmative defense of sudden emergency. We agree this finding was error and that triable issues of material fact remain as to whether HDT's failure to instruct its passengers to wear seatbelts was negligent and a substantial factor in causing DeLeon's injuries.

### I

### *Legal Principals*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine

whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) "[G]enerally, from commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Id*. at p. 850.)

Thus, a defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto." (*Aguilar, supra*, 25 Cal.4th at p. 850, citing Code Civ. Proc., § 437c, subd. (o)(2).) DeLeon asserted a single negligence cause of action against the defendants. "To establish a cause of action for negligence, the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.' " (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 213

" 'Because this case comes before us after the trial court granted a motion for summary judgment, we take the facts from the record that was before the trial court when it ruled on that motion. [Citation.] " 'We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.' " [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' " (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1249–1250.) We are not bound by the issues decided by the trial court and " ' "should affirm the judgment of the trial court if it is correct on any theory of law applicable to the case, including but not limited to the theory adopted by the trial court, providing the facts

6

are undisputed." ' " (*Leyva v. Crockett & Co., Inc.* (2017) 7 Cal.App.5th 1105, 1108.)

## II

### *Analysis*

In response to DeLeon's assertion that triable issues of material fact remain, HDT argues only that DeLeon cannot use a violation of the Vehicle Code to establish it was negligent per se because this theory of liability is not within the scope of her complaint. DeLeon responds that HDT forfeited this argument because it was not raised in the trial court. Further, she contends that the theory is within the scope of her negligence claim as pleaded and that triable issues of fact remain as to whether the bus driver's failure to instruct passengers to wear their seatbelts was a substantial factor in causing her injuries. We agree with DeLeon.

### A

If a plaintiff opposes a motion for summary judgment by "raising an 'unpleaded issue,' the defendant's failure" to object to the theory constitutes a waiver of the issue. (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1448; see *Kaney v. Custance* (2022) 74 Cal.App.5th 201, 213, fn. 12 [Defendant's briefing in trial court on merits of plaintiff's opposition to summary judgment waives an "objection to plaintiff asserting a new cause of action in opposition"].) "The purpose of this objection requirement is to ensure that, if the objection is sustained, the plaintiff has an opportunity to request leave to amend the pleading to raise the unpleaded theory." (*Multani,* at p. 1448.) HDT acknowledges that a failure to object to the assertion of a new theory in opposition to a motion for summary judgment waives the issue for appeal. It contends, however, that its evidentiary

7

objections to DeLeon's expert declaration was a sufficient objection to avoid waiver.

We disagree. As DeLeon points out, HDT's objection to the declaration was not based on the ground that it raised a new theory of liability. Rather, HDT made only routine evidentiary objections, which were overruled by the court, to certain statements in the declaration. HDT made no objection based on the declaration containing an unpled theory of liability.

Further, HDT was faced with the same theory of liability DeLeon argues here, i.e., that it had a duty under the Vehicle Code to instruct passengers to wear seatbelts and its failure to do so contributed to DeLeon's injuries, in DeLeon's opposition to the motion for summary judgment. DeLeon argued explicitly that HDT's failure to comply with the new vehicle code provisions was a breach of its duty of care that contributed to her injuries. Further, in addition to her expert declaration, DeLeon presented other evidence related to this theory, including her own deposition testimony, the deposition testimony of another passenger, and the EMT's deposition testimony. Despite these facts, HDT made no objection in its reply brief to the summary judgment motion that DeLeon's theory of negligence was outside the confines of her complaint.

Accordingly, HDT waived its argument, newly made on appeal, that DeLeon's theory of negligence was beyond the scope of her complaint.

B

Even if HDT had not waived the argument, we would still agree with DeLeon that her negligence theory based on HDT's failure to instruct its passengers to wear seatbelts falls within the scope of her complaint. In her opening brief, DeLeon asserts that HDT's undisputed violations of Vehicle Code sections 27318 and 34505.8 constitute negligence per se. As discussed,

8

HDT argues that this theory is not available to DeLeon because she did not plead it in her complaint.  In reply, DeLeon asserts both that specific pleading of a negligence per se theory is not required, and that her theory of liability based on HDT's failure to instruct DeLeon to wear a seatbelt is encompassed within her general negligence cause of action.  She is correct in both regards.

"The negligence per se doctrine is codified in Evidence Code section 669, under which negligence is presumed if the plaintiff establishes four elements:  (1) the defendant violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.  The first two elements are normally questions for the trier of fact, while the latter two elements are determined by the trial court as a matter of law." (*Galvez v. Frields* (2001) 88 Cal.App.4th 1410, 1420.)

As DeLeon notes, " 'the doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the standard of care in a cause of action for negligence.' " (*Turner v. Seterus, Inc.* (2018) 27 Cal.App.5th 516, 534.)  Thus, to proceed on a negligence per se theory, DeLeon was not required to plead a separate cause of action based on this theory in her complaint, and she should be permitted to present the theory to the jury.  (*Ibid.*)

In addition, contrary to HDT's arguments, DeLeon's negligence cause of action was not based solely on the HDT driver's conduct in the seconds before

9

the oncoming truck veered into the bus's lane. Rather, she asserted broadly that HDT "negligently failed to provide the driver of the bus with reasonable training and supervision" and that HDT "negligently, recklessly, and carelessly maintained, entrusted and operated their vehicles so as to cause the subject accident." These allegations sufficiently encompass DeLeon's theory that HDT's failure to advise its passengers to use seat belts contributed to her injuries. In any negligence action, the violation of a statute is "a factor to be considered by the jury in determining the reasonableness of the conduct in question." (*Housley v. Godinez* (1992) 4 Cal.App.4th 737, 747; see *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 62 ["Whether a duty of care exists is a question of law to be determined on a case-by-case basis."].)[2]

## C

As discussed, DeLeon contends the court erred by concluding the emergency doctrine precluded her negligence claim as a matter of law. She asserts that even if the sudden emergency doctrine applies here, questions of fact remain with respect to whether HDT had a duty to instruct its passengers to wear a seatbelt, whether a seatbelt was available to DeLeon

---

[2]    Simultaneously with her opening brief, DeLeon filed a request for this court to take judicial notice of the legislative history of the changes to sections 27318 and 34505.8 implementing the requirement that bus operators notify their passengers of the availability of seatbelts and that seatbelts be worn if installed on the bus. HDT opposes the request for judicial notice on various grounds. Because the legislative history of these statutes is not pertinent to our holdings, we deny the request without prejudice to such a request in the trial court after remand.

10

the day of the incident, and whether HDT's conduct caused her injuries. Tellingly, HDT does not address this argument at all in its brief.

We agree with DeLeon that factual questions preclude summary judgment and the court's order granting HDT's motion was error. As DeLeon states, the sudden emergency doctrine protects a defendant that "is suddenly and unexpectedly confronted with peril." (*Leo v. Dunham* (1953) 41 Cal.2d 712, 714.) And the trial court correctly found the doctrine would preclude liability based solely on the driver's understandable decision to swerve and avoid a head-on collision with the oncoming truck. The doctrine, however, does not foreclose liability based on a bus operator's duty to instruct its passengers to buckle their seatbelts under the Vehicle Code.

With respect to causation, the trial court's order first states that "[i]t is also undisputed that [HDT] failed to comply with Vehicle Code sections 34505.8 and 27318." Despite this finding, the court then concluded DeLeon "failed to establish a triable issue of material fact as to whether [HDT]'s failure to comply with the seatbelt advisement was a substantial factor in causing [DeLeon's] injury." Explaining its ruling, the court states that although DeLeon "testified that she was unaware of the availability of seatbelts and would have worn one had she known" it was available, "the photograph depicting the seat in which [DeLeon] was sitting at the time of the incident, clearly shows a seatbelt."

We agree with DeLeon that the court's reasoning is flawed. The photograph depicting the passenger seatbelt does not conclusively establish that DeLeon was aware of the seatbelt, or that HDT had a duty to instruct passengers to wear seatbelts and met its duty. The photograph is not dated and no evidence before the court established it was an accurate depiction of the bus on the day of the incident. Indeed, Deleon and two other witnesses

11

testified they did not see the seatbelts. Whether HDT's failure to instruct passengers to wear a seatbelt caused DeLeon's injuries is an open question of fact for the jury. Simply put, triable issues of material fact remain as to whether HDT had a duty to instruct passengers to wear their seatbelts, and whether the failure to satisfy the duty was a cause of DeLeon's injuries. Accordingly, the trial court erred by granting HDT's motion for summary judgment.

DISPOSITION

The judgment is reversed. Appellant Natividad DeLeon to recover the costs of appeal.

McCONNELL, P. J.

WE CONCUR:


HALLER, J.


IRION, J.

12